THE BOARD OF COMMISSIONERS OF STAFFORD COUNTY
    v. THE FIRST NATIONAL BANK OF STAFFORD.

TAXES *Not Debts — Collection.* As the statute of Kansas makes special provisions for the collection of taxes imposed thereunder, such taxes are not a debt in the ordinary sense of that term, and consequently an action prescribed by the civil code will not lie for their recovery.

*Error from Stafford District Court.*

ACTION to recover certain taxes. At the October term, 1891, judgment for the defendant *Bank.* The plaintiff *County Board* brings the case to this court. The opinion states the material facts.

*O. C. Jennings,* for plaintiff in error.

*J. W. Rose,* for defendant in error.

36 — 48 KAS.

The opinion of the court was delivered by

HORTON, C. J.: The First National Bank of Stafford is organized and doing a general banking business in the city of Stafford under the laws of the United States. On the 1st of March, 1890, the stockholders of that bank were assessed in accordance with the provisions of ¶ 6868, General Statutes of 1889. Subsequently, the taxes against each of the stockholders of the bank were extended upon the tax-rolls of Stafford county. This action was commenced in the court below against the bank to recover $890.87, being the taxes of 1890 assessed against the stockholders of the bank, and also for the sum of $44.58, the penalties for the non-payment of the taxes. A general demurrer was filed to the petition, which was sustained by the court below. This ruling is complained of by the board of county commissioners.

A tax is not a debt in the ordinary acceptation of that term, and consequently a civil action will not lie for its recovery, except in those cases where the statute expressly confers the right to bring such an action, or where it impliedly confers such a right by omitting all mention of any method for the collection of the tax. There are decisions to the contrary, but the great weight of authority supports the rule that an action at law cannot be maintained to recover a tax for the collection of which adequate provisions are prescribed by statute. Mr. Cooley says:

"It sometimes becomes a question whether a tax can be regarded as a debt in the ordinary sense of that term, so that the ordinary remedies for the collection of debts can be applied to it. In general, it will be found that statutes imposing taxes make special provision for their collection, and do not apparently contemplate that any others will be necessary; but these may, nevertheless, fail; and the question then arises, whether the tax must fail also, or whether resort may be had by the state to such remedies as would be available to individuals to enforce demands owing to themselves. But instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such a

case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit would lie for its recovery. . . . But in general the conclusion has been reached, that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common-law action for the recovery of the tax as a debt will not lie." (Cooley, Taxation, 15. See also Black, Tax Titles, § 45; Blackwell, Tax Titles, § 335.)

Most of the decisions upon this question are collated in these text-books and reference is made to them under the sections referred to. It was decided in *Lane Co. v. Oregon,* 74 U. S. 71, that "the clauses in the several acts of congress, of 1862 and 1863, making United States notes a legal tender for debts, have no reference to taxes imposed by state authority." In the opinion delivered in that case by Chief Justice Chase it was said:

"We are the more ready to adopt this view, because the greatest of English elementary writers upon law, when treating of debts in their various descriptions, gives no hint that taxes come within either; while American state courts, of the highest authority, have refused to treat liabilities for taxes as debts, in the ordinary sense of that word, for which actions of debt may be maintained."

In this state the statute providing for assessing and levying taxes makes special provisions for their collection. Where taxes on personal property remain due and unpaid on the 1st day of January or the 1st day of July, the county treasurer is required, between the 10th and 15th days of January and July, respectively, to issue a warrant directed to the sheriff of his county, commanding him to levy the amount of the unpaid taxes and penalty thereon, together with his fees for collecting the same, of the goods and chattels of the party in default, and from the proceeds thereof to pay the same to the county treasurer. (Gen. Stat. of 1889, ¶ 6941.) If the taxes cannot be collected from personal property upon a tax warrant, the sheriff must so return, and if the delinquent tax-payer has removed or resides in another county, this must also be noted in

the return on the tax warrant. (Gen. Stat. of 1889, ¶ 6943.) Paragraph 6944 is as follows:

"It shall be the duty of the several county treasurers in the state, immediately after their receiving said warrants, returned as provided in the preceding section, to issue an '*alias*' tax warrant, directed to the sheriff of any county in this state into which any such tax-payer may have removed, or may reside, or in which his personal property may be found, who shall proceed to collect said taxes the same as upon execution, together with his costs upon the same, and after collecting the said taxes, to forward the same to the treasurer of the county who issued said warrant, together with the warrant, and his return indorsed thereon." (Gen. Stat. of 1889.)

Paragraph 6945 reads:

"On the return of any unsatisfied tax warrant by the sheriff to the county treasurer of any county, it shall be the duty of said county treasurer, if he believe such delinquent tax-payer has property which cannot be reached by said tax warrant, to file with the clerk of the district court of his county an abstract of the amount of taxes, penalty, and costs, accompanied by the last tax warrant, and said clerk shall enter the amount on his judgment docket, which said unpaid tax shall become a lien on real estate, in the same manner as a judgment, and a tax warrant may thereupon be issued by said clerk, which shall have the same force as an execution, and such real estate shall be sold without appraisement." (Gen. Stat. of 1889.)

All real estate on which the taxes are not paid on or before the 20th day of June in each year is subject to sale by the treasurers of the respective counties. (Gen. Stat. of 1889, ¶¶ 6954–6977.) In line with the great weight of authority, this court said, speaking through Mr. Justice BREWER, in *Corbin v. Young*, 24 Kas. 199:

"It is undoubtedly true that, by statute, taxes are made a lien, and that equity, when it takes jurisdiction, enforces a lien by foreclosure and sale. But has equity any jurisdiction in this case? Can the holder of a tax lien foreclose it as he would a mortgage lien? We think not. The statute has prescribed the proceedings in references to taxes, tax sales, redemptions, and also to secure the rights of tax purchasers, and whenever these proceedings apply a party may not in-

voke the general jurisdiction and proceedings of the courts. Counsel contends that there is no adequate remedy at law, and therefore he has a right to go into equity. We think the statute furnishes him several remedies."

If the bank is liable for the taxes, as alleged, an ordinary civil action is unnecessary. It is not as prompt a method for the collection of defaulted taxes as the means expressly provided for by the statute.

We conclude that the ruling of the district court must be sustained, and therefore the judgment will be affirmed.

All the Justices concurring.