## THE BOARD OF COUNTY COMMISSIONERS OF DONIPHAN COUNTY v. DAVID ALLEN.
### No. 198.

1. ACTION FOR TAXES—*petition held bad on demurrer.* A petition in an action against an executor *de bonis propriis*, for the recovery of taxes assessed against him as an executor, *held*, not to state a cause of action, and an order sustaining a demurrer thereto affirmed.

2. —————— *petition not showing taxes not collectible in ordinary way, demurrable.* In the absence of a showing to the contrary, it will be presumed that taxes can be collected in the ordinary method prescribed for the collection of taxes; and a petition in an action for the recovery of a judgment on account of the non-payment of taxes, does not state a cause of action unless the petition shows affirmatively that such taxes could not be collected in the ordinary method provided by law.

Error from Doniphan District Court. Hon. J. F. Thompson, Judge. Opinion filed April 30, 1897. *Affirmed.*

This was an action against the defendant in error, personally, for taxes alleged to be due from him as executor of the estate of L. S. Allen, deceased, who, at his death, was domiciled in Illinois. The petition alleged that, as such executor, he had in his possession and under his control in Doniphan County, Kan-

sas, March 1, 1891, personal property of the estate, of the value of forty thousand dollars, which was. subject to taxation in that county for 1891; that it was listed for taxation at his request, and taxes were levied thereon; that, the taxes remaining unpaid, a tax warrant had been issued against the defendant in error, as executor, but had been returned "no property found;" that shortly before the issuing of the tax warrant the defendant in error removed from the State of Kansas the property of the estate so taxed, in his hands and under his control, and, when this action was commenced, was concealing it, for the purpose and with the intent of preventing the collection of the taxes by tax warrant or by suit against him as executor, and of obstructing the collection of the taxes by the ordinary means.    It was not averred that he was sole executor, nor that he was executor at all when the taxes became due nor when this action was brought, nor that the taxes were due to the plaintiff in error; nor, otherwise than by the allegation that the tax warrant was returned unsatisfied, was there any averment that the taxes had not been paid by the estate.    The defendant in error demurred on the ground that the petition did not state facts sufficient to constitute a cause of action, and this demurrer was sustained.    The plaintiff excepted, and brought this proceeding in error.

*J. J. Baker*, County Attorney, and *A. S. Brewster*, for plaintiff in error.

*B. A. Seaver*, for defendant in error.

McELROY, J.    It does not appear from the statements in this petition that David Allen *de bonis propriis*, is liable for the payment of the tax assessed against the estate of L. S. Allen, deceased.    It does not appear from the petition that said tax cannot be collected in

the ordinary method from said estate. *Commr's of Stafford Co. v. National Bank*, 48 Kan. 561; *Corbin v. Young*, 24 id. 198; *Fox v. Van Norman*, 11 id. 214.

The judgment will be affirmed.