No. 27,514.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Plaintiff*, v. JOHN W. GARDNER et al., as THE STATE HIGHWAY COMMISSION, *Defendants.*

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*State Aid in Construction of Highways.* Section 4 of chapter 214 of the Laws of 1925 does not violate section 8 of articles 11 of the state constitution.

2. SAME—*Distribution of Road Fund.* Section 4 of chapter 214 of the Laws of 1925 does not violate the constitution by providing that funds raised for building roads be distributed forty per cent equally amongst the 105 counties of the state and sixty per cent amongst the several counties in proportion to their assessed valuation.

3. HIGHWAYS—*Distribution of State Aid Road Fund—Construction of Statute.* In that part of section 4 of chapter 214 of the Laws of 1925, pertaining to the state aid road fund, the clause, "in the same proportion as the state highway road fund, as hereinafter provided," is ineffectual. The statute should be read with those words omitted.

Original proceedings in quo warranto for declaratory judgment. Opinion filed January 25, 1927. Statute construed.

*Charles B. Griffith,* attorney-general, and *Roland Boynton,* assistant attorney-general, for the plaintiff.

*F. M. Harris* and *Wilbur S. Jenks,* both of Ottawa, for the defendants.

*Benjamin F. Hegler,* of Wichita, as *amicus curiæ.*

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff prosecutes this action under the declaratory judgment law to secure an interpretation of section 4 of chapter 214 of the Laws of 1925. That section reads:

"That section 68-602 of the Revised Statutes of Kansas for 1923 is amended to read as follows: Sec. 68-602. That the motor-vehicle registration fees now provided by law or which may be hereafter provided by law shall be applied to the construction, reconstruction and maintenance of highways in the state in the following manner: Twenty-five per cent (25%) of the motor-vehicle registration fees remaining after the 50c fee for registration has been sent to the secretary of state, as provided by law, shall remain in the county where it originates, and shall be placed in township road fund, and shall be divided between the township road fund in the proportion that it bears to its place of origin in the township: *Provided,* That any unexpended balance remaining in

States, 36 Cyc. p. 886 n. 51. Statutes, 36 Cyc. p. 1127 n. 48. Taxation, 37 Cyc. p. 746 n. 74.

the fund June 30th of each year shall be turned into the county and state road fund. Seventy-five per cent (75%) of said motor-vehicle registration fees shall be transmitted monthly by the county treasurers to the state treasurer and shall be placed in the state highway fund. The money derived from the motor-vehicle fuel tax as provided by law for the construction, reconstruction and maintenance of highways shall be placed in the state highway fund. For the purpose of meeting the present requirements of our constitution the sum of three hundred thousand dollars ($300,000) of said fund shall be placed quarterly in the state treasury to the credit of the state aid road fund and shall be expended in the various counties of the state in the same proportion as the state highway road fund as hereafter provided upon the state highway system under the direction of the state highway commission, acting in conjunction with the boards of county commissioners: *Provided,* That the sum of money so applied for any specific project shall not exceed twenty-five per cent (25%) of the total cost of the same, nor be in excess of ten thousand dollars ($10,000) per mile. The remainder of the state highway fund, less any appropriation by the legislature not to exceed the sum of $75,000 for each year made for the maintenance of the state highway commission, shall be distributed to the counties as follows, namely: forty per cent (40%) of said fund shall be distributed equally amongst the one hundred five (105) counties of the state; sixty per cent (60%) shall be distributed amongst the several counties in proportion to their assessed valuation, based upon the preceding year's assessment. This distribution shall be made semiannually, on March 1 and September 1 of every year. The fund thus created in the various counties shall be known as the county and state road fund and shall be used for the construction, reconstruction, and maintenance of state roads in the counties: *Provided,* That not more than twenty per cent (20%) of said fund may be expended on county or township roads or bridges at the option of the county commissioners. All money in the state and county aid road fund at the time this law is adopted shall remain in the county in which said money was collected and shall be credited to said county and state road fund."

1. By permission of the court, Benjamin F. Hegler, of Wichita, has filed a brief as *amicus curiæ,* in which he contends that section 4 of chapter 214 of the Laws of 1925 is unconstitutional because it directs that more than twenty-five per cent of the cost of any road may be paid out of money used by the state in building roads and because the law permits more than $10,000 per mile to be expended by the state in building roads.

The constitutional provision in question, section 8 of article 11 of the constitution of this state, reads:

"The state shall never be a party in carrying on any works of internal improvement except to aid in the construction of roads and highways and the reimbursement for the cost of permanent improvements of roads and highways, constructed after March 1, 1919; but such aid and reimbursement shall not be granted in any county for more than 25 per cent of the cost of such road or highway, nor for more than ten thousand dollars per mile, nor for

more than one hundred miles in any one county; except, that in counties having an assessed valuation of more than one hundred million dollars such aid and reimbursement may be granted for not more than one hundred fifty miles of road or highway; and the restrictions and limitations of sections 5 and 6 of article XI of the constitution, relating to debts and internal improvements, shall not be construed to limit the authority retained or conferred by this amendment."

The statute is invalid if it directs that more than twenty-five per cent of the cost of a road be paid by the state or if it directs that more than $10,000 per mile be paid by the state. The statute must be held valid unless it is clearly in contravention of some provision of the constitution. (*City of Atchison et al. v. Bartholow*, 4 Kan. 124; *Leavenworth Co. v. Miller*, 7 Kan. 479; *Beach v. Leahy*, 11 Kan. 23, 28; *Rural School District v. Davis*, 96 Kan. 647, 648, 152 Pac. 666.)

The statute creates a number of different funds: a "township road fund," a "county and state road fund," a "state highway fund," and a "state aid road fund."

Before section 8 of article 11 of the constitution was adopted, the state had power to direct townships and counties to levy taxes to be used in the construction of roads and highways. The state could then have levied the motor vehicle registration tax and the motor vehicle fuel tax and could have distributed the money to the counties and townships of the state to be used in the construction of roads. Under such circumstances the state would have been acting for the counties and townships in the collection of the tax.

The first fund created by the statute is the township road fund, which is made up of twenty-five per cent of the motor vehicle registration fees remaining after the fifty-cent registration fee has been sent to the secretary of state.

The next fund mentioned is the county and state road fund, which is created by taking what is distributed to the counties from the state highway fund and by taking the unexpended balance remaining in the township road fund on June 30 of each year and turning them into the county and state road fund.

The next fund mentioned in the statute is the state highway fund, which is composed of seventy-five per cent of the motor vehicle registration fees and all of the motor vehicle fuel tax.

The next fund mentioned is the state aid road fund, which is created by taking $300,000 quarterly out of the state highway fund.

The statute provides that the state aid road fund shall be expended in the various counties in the state in the same proportion as the state highway road fund.

The state highway fund, after the appropriation of the maintenance for the state highway commission and after the $300,000 quarterly is deducted from it, is distributed to the counties forty per cent amongst the 105 counties equally and sixty per cent among the counties in proportion to their assessed valuation and becomes a part of the county and state road fund, which is used for the construction, reconstruction, and maintenance of state roads in the counties with the provision that not more than twenty per cent of that fund may be expended on county or township roads or bridges at the option of the county commissioners.

The result is that out of the motor vehicle registration fees and out of the motor vehicle fuel tax, the state retains only the $300,000 payably quarterly. The remainder of the motor vehicle registration fees and of the motor vehicle fuel tax is distributed to the various counties of the state to be used by them as money belonging to them in the construction, reconstruction, and maintenance of township roads, county roads, and state roads. Under the law, the state commands the counties to construct roads and highways and provides the funds with which to obey the command of the law. The taxes, as all taxes, are levied under a law passed by the legislature, are collected by authorized officers, and when collected are distributed between state, county, and township in the manner that the legislature has thought advisable.

The statute neither directs nor permits the state to pay more than twenty-five per cent of the cost of any road nor to pay more than $10,000 a mile therefor, and does not violate section 8 of article 11 of the state constitution.

2. It is contended that the law is unconstitutional because it permits money raised in one county to be expended in another county. This contention is based on the manner in which the money is distributed to the several counties of the state. Does the statute violate the constitution by distributing the state highway fund to the various counties in the state in a proportion of forty per cent and sixty per cent? The money that comes to the state from each of the counties could be ascertained, and the statute might direct that the money collected should be distributed to the counties from which

it came; but that would not necessarily be a just distribution because money sent from one county would arise from motor-vehicle registration fees on cars used all over the state and from motor-vehicle fuel tax collected where the fuel was sold but the fuel would be used in other parts of the state. It would be difficult to prescribe a system of distribution that would be absolutely fair. As a practical matter, the method of distribution adopted is probably as nearly correct as any that could be devised. The statute does not violate the constitution.

3. There remains for discussion the question presented by the parties to this action.

The plaintiff contends—

"That section 4, chapter 214, Laws of Kansas, 1925, provides for and establishes a fund known as the state highway fund, and provides that $300,000 of said fund shall be placed quarterly in the state treasury to the credit of the state aid road fund and shall be expended in the various counties of the state upon the state highway system under the direction of the State Highway Commission acting in conjunction with the boards of county commissioners as follows, namely: forty per cent of said state aid road fund shall be expended equally among the hundred and five counties of the state, and sixty per cent of said state-aid road fund shall be expended among the several counties of the state in proportion to their assessed valuation, based upon the preceding year's assessment, provided that the sum of money so expended for any specific project shall not exceed twenty-five per cent of the total cost of the same, nor be in excess of $10,000 per mile."

The defendants contend—

"That section 4, chapter 214, Laws of Kansas, 1923 [1925], authorizes said defendants, in conjunction with the boards of county commissioners of the various counties of the state, to expend said state-aid road fund in the various counties of the state in such proportion and amount as to said defendants may seem proper, depending upon the amount of road construction being carried on upon the state highway system in such counties, provided only that the sum so applied for any specific project shall not execeed twenty-five per cent of the total cost, nor be in excess of $10,000 per mile, and that said statute does not require said State Highway Commission, in conjunction with the boards of county commissioners to expend said state aid road fund in the various counties of the state upon the state highway system in the proportion claimed by plaintiff."

Another analysis of the statute becomes necessary. It provides that "the sum of $300,000 of said fund [the state highway fund] shall be placed quarterly in the state treasury to the credit of the state aid road fund and shall be expended in the various counties of

the state in the same proportion as the state highway road fund as hereafter provided upon the state highway system under the direction of the state highway commission acting in conjunction with the boards of county commissioners." No state highway road fund is created anywhere in the statute; there is no such fund; no such fund is mentioned except in the language quoted. The statute is particular to create the township road fund, the county and state road fund, the state highway fund, and the state aid road fund, and to prescribe the manner in which the first three of these funds shall be expended or distributed. The statute attempts to prescribe how the fourth, the state aid road fund, shall be expended by stating "in the same proportion as the state highway road fund as hereinafter provided," but there is no state highway road fund and no provision for the expenditure of a state highway road fund. If a state highway road fund had been created and a manner of expending that fund had been prescribed, there would be something on which the quoted language of the statute could operate. But, since no "state highway road fund" was created by the statute, the phrase pertaining thereto is ineffectual; it cannot be applied to anything. This construction is justified, even required, by section 8, chapter 214, Laws of 1925. When so read, the portion of the statute pertaining to the state aid road fund reads as follows:

". . . For the purpose of meeting the present requirements of our constitution the sum of three hundred thousand dollars ($300,000) of said fund shall be placed quarterly in the state treasury to the credit of the state aid road fund and shall be expended in the various counties of the state upon the state highway system under the direction of the state highway commission, acting in conjunction with the boards of county commissioners: *Provided,* That the sum of money so applied for any specific project shall not exceed twenty-five per cent (25%) of the total cost of the same, nor be in excess of ten thousand dollars ($10,000) per mile."

Under this construction of the statute, which we deem the proper one, the state highway commission is not required to apportion the state aid road fund amongst all the counties in the state, upon the so-called 40-60 basis, as the "county and state road fund" is apportioned. The state aid road fund is to be expended under the direction of the state highway commission acting in conjunction with boards of county commissioners in the various counties of the state upon the state highway system, where appropriate highway improvement projects are being carried on, the only limits to the expend-

iture in any one county being those provided by the statute, as above quoted, and the constitution (art. 11, § 8) of not to exceed twenty-five per cent of the cost, nor ten thousand dollars per mile, nor a certain number of miles in each county.

JOHNSTON, C. J., dissents from the first and second parts of the syllabus and the corresponding parts of the opinion.