[L. A. No. 8980. In Bank.—May 31, 1928.]

THE PEOPLE, etc., Respondent, v. RICHFIELD OIL COMPANY (a Corporation), Appellant.

Page, Nolan, Rohe & Freston, Page, Nolan, Rohe & Hurt, Ralph E. Lewis, Rohe & Freston and Arthur F. Coe for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and Frank L. Guerena, Deputies Attorney-General, for Respondent.

PRESTON, J.—■ Upon the authority of *People* v. *Ventura Refining Co.*, *ante*, p. 286 [268 Pac. 347], and *People* v. *Richfield Oil Co.*, *ante*, p. 301 [268 Pac. 353], the judgment in this cause must be affirmed.

The contracts here are identical with the contracts considered in the case last above cited. The only reason for separate appeals in the two cases was that in one of them the question arose as to when the appellant should have claimed the exemption, but in view of our conclusions announced in these cases, this question becomes immaterial.

Judgment affirmed.

Richards, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

LANGDON, J., Dissenting.—I dissent. There is no uncertainty or ambiguity in the language of the statute under consideration, and, consequently, no occasion for judicial construction. Such statute provides that it "shall not be held or *construed* to apply to . . . (c) any motor vehicle fuel delivered under contracts entered into prior to the fourteenth day of May, 1923 . . . " The legislature may have had in mind, as contended by the attorney-general, only contracts providing a fixed price for fuel, but it has not so restricted the term and to amend the statute by judicial construction seems to me a usurpation of legislative power which is unjustified even in the interests of public policy.

Rehearing denied June 29, 1928, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing herein it is urged that this court has erroneously "assumed that there were two types of contracts in existence, i. e., contracts having (a) a fixed sales price, and (b) a flexible sales price," whereas, it is insisted, "it is apparent from the record either directly or by necessary inference that the so-called fixed price contracts do not exist." It is therefore contended that a conclusion cannot be drawn that the legislature had in mind two types of contracts and by its action intended to provide only for a fixed price contract. Assuming that the record is susceptible to the construction placed upon it by counsel, namely, that only flexible sales contracts were in existence at the effective date of the act, the correctness of the conclusion that the contractors thereunder would be in no different situation so far as the license tax was concerned than those having no contracts outstanding is further emphasized. The opportunity of those in each class to protect themselves against the burden of the license tax was the same. The operation of the law with the exemption in it would therefore confer upon those attempted to be exempted a special privilege or immunity not accorded to others similarly situated. The exemption, then, would effect an unlawful discrimination as between those in the same class and would be void under section 21 of article I of the constitution. (See *Bacon Service Corporation* v. *Huss*, 199 Cal. 21 [248 Pac. 235].) The fact that the unlawful exemp-

tion was stricken from the statute by later enactment of the legislature could not affect the petitioner's obligations under the act with the void exemption in it. The petition for a rehearing is denied.