[S. F. No. 11940. In Bank.—May 31, 1928.]

THE PEOPLE, etc., Appellant, v. GENERAL PETROLEUM CORPORATION, a Corporation, Respondent.

298

U. S. Webb, Attorney-General and Frank L. Guerena, Deputy Attorney-General for Appellant.

A. L. Weil, Salisbury & McNeil, Verne E. Robinson for Respondent.

PRESTON, J.—The state in this action sues defendant for the two-cent tax levied under the provisions of the Gasoline Tax Act of 1923 (Stats. 1923, chap. 267, p. 571), and measures the amount of the claim by the sale during the second quarter of the year 1924 by defendant of 6,945,356 gallons of motor vehicle fuel, the sum demanded being $10,749.10, together with interest and costs. The record is presented upon an agreed statement of facts. ▉ The sole question is the applicability of the exemption provision found in section 10 of said act, which reads as follows: "The provisions of this act requiring the payment of license fees shall not be held or construed to apply to . . . (c) any motor vehicle fuel delivered under contracts entered into prior to the fourteenth day of May, 1923. . . . "

The executory contracts under which the sales here involved were made contained the following provision: " . . . Any internal revenue tax, impost, custom duties or other charge or tax of any kind created or increased during the life of this contract and levied by governmental authority on any matter connected with this contract, or on the performance thereof, or on the product sold thereby, shall be added to the purchase price and shall be paid by the second party while same is in effect."

This case is ruled by the case of *People* v. *Ventura Refining Co., ante,* p. 286 [268 Pac. 347]. It is true that respondent urges that the tax is upon executory sales and not upon executed sales and that the word "sold" in section 3 of the act should be so construed; and from this it is argued that the tax period begins with contracts made on and after September 30, 1923, thus excluding the contracts in question. But we have held otherwise in said cause above cited and see no reason to place such construction upon the act, which, considered as a whole, compels the contrary conclusion.

The further contention that in other cases existing contracts made prior to the passage of the act have been made a legal basis for a classification between such contracts and contracts made subsequent to the act argues nothing of a conclusive character here. The holding here made is that the nature of the contracts before us does not furnish a sufficient reason for a separate classification. Other contracts could well be drawn which would furnish a reason for such a classification, but the contracts before us are not of that type.

The contention that the title of the act is defective in that the subject matter thereof is not suggested therein or thereby, we deem unnecessary to discuss, as the title "An act to regulate and license the business . . . " answers this contention amply and should satisfy even the most hypercritical mind. ·

The same remarks must be applied to the contention that the state is estopped to assert that the construction of the exemption in the manner claimed by respondent would violate certain well understood safeguards found in the constitution. The tax is a flat one, measured by the volume of sales, and if the state does not get its quota of revenue, there is no way to recoup the loss by this method of taxation upon this industry. If the state may not have the standing granted to other litigants in like circumstances it might be severely hampered in its operation of the various departments thereof. The case of *San Francisco* v. *McGovern,* 28 Cal. App. 491 [152 Pac. 980], is not in point.

The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff against the de-

fendant for the sum of $10,749.10, together with interest and costs of suit as set forth in the stipulation of facts.

Richards, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

LANGDON, J., Dissenting.—I dissent. There is no uncertainty or ambiguity in the language of the statute under consideration, and, consequently, no occasion for judicial construction. Such statute provides that it "shall not be held or *construed* to apply to . . . (c) any motor vehicle fuel delivered under contracts entered into prior to the fourteenth day of May, 1923 . . . '' The legislature may have had in mind, as contended by the attorney-general, only contracts providing a fixed price for fuel, but it has not so restricted the term, and to amend the statute by judicial construction seems to me an usurpation of legislative power which is unjustified even in the interests of public policy.

Rehearing denied June 29, 1928, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing herein it is urged that this court has erroneously "assumed that there were two types of contracts in existence, i. e., contracts having (a) a fixed sales price, and (b) a flexible sales price,'' whereas, it is insisted, "it is apparent from the record either directly or by necessary inference that the ·so-called fixed price contracts do not exist." It is therefore contended that a conclusion cannot be drawn that the legislature had in mind two types of contracts and by its action intended to provide only for a fixed price contract. Assuming that the record is susceptible to the construction placed upon it by counsel, namely, that only flexible sales contracts were in existence at the effective date of the act, the correctness of the conclusion that the contractors thereunder would be in no different situation so far as the license tax was concerned than those having no contracts outstanding is further emphasized. The opportunity of those in each class to protect themselves against the burden of the license tax was the same. The operation of the law with the exemption in it would therefore confer upon those attempted to be exempted a special privilege or immunity not accorded to others simi-

larly situated. The exemption, then, would effect an unlawful discrimination as between those in the same class and would be void under section 21 of article I of the constitution. (See *Bacon Service Corp.* v. *Huss,* 199 Cal. 21 [248 Pac. 235].) The fact that the unlawful exemption was stricken from the statute by later enactment of the legislature could not affect the petitioner's obligations under the act with the void exemption in it. The petition for a rehearing is denied.