[L. A. No. 8982. In Bank.—May 31, 1928.]

THE PEOPLE, etc., Respondent, v. RICHFIELD OIL COMPANY (a Corporation), Appellant.

Page, Nolan, Rohe & Hurt, Page, Nolan, Rohe & Freston, Rohe & Freston, Arthur F. Coe, George W. Nilsson, and Ralph E. Lewis for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and Frank L. Guerena, Deputies Attorney-General, for Respondent.

PRESTON, J.—On the authority of *People* v. *Ventura Refining Co., ante,* p. 286 [268 Pac. 347], the judgment in this case must be affirmed.

The contracts here involved are summarized by appellant as follows: "Class A agreements, where the purchaser agrees to purchase and the Richfield Oil Company agrees to sell the entire requirements of the purchaser in his business for a period of one or more years, and daily thereafter until the agreement is cancelled by either party upon a ninety days' written notice of cancellation to the other. The price of the motor vehicle fuel sold thereunder was to be cash paid on delivery, 3 cents per U. S. gallon under the retail market price as maintained by the Standard Oil Company of California in the city of Los Angeles at the time of delivery.

"Class B agreements are in general in the same form as those of Class A except that the agreement of this type has no fixed term or period but remains in effect from the date of execution thereof until the same is cancelled by either party upon a ninety days' written notice of cancellation to the other. Price provisions are the same.

"Class C agreements, where the buyer purchases from the Richfield Oil Company certain property and equipment used in the ordinary gasoline station, such as pumps, tanks, piping, etc. The purchaser under this agreement agrees to pay for such property or equipment in instalments running over a period of ten months or more, the purchaser agreeing, during which period and until the property is paid for, to use said property and equipment exclusively for the purpose of storing, distributing and vending petroleum products which may be sold or furnished to him by the Richfield Oil Company, and also agrees, during all of said time, to regularly handle and sell or offer for sale

through and by means of said property and equipment, such petroleum products sold and furnished to him by said Rich-field Oil Company. In this type of agreement there is no provision regarding the purchase price of the motor vehicle fuel to be sold and delivered thereunder.''

These contracts are even more flexible as to price than those considered in the case above noted. In fact one set of the contracts has no price feature of any kind. The market price controls in all of them and this price, of course, reflects the two-cent tax. This is conceded by appellant; hence there is no basis for a different holding.

■ In answer to the claim of the state that to allow the broad construction contended for by appellant would be to allow an unjust discrimination between persons of the same class, appellant replies that this being an excise and not a property tax, certain constitutional provisions are inapplicable here. But the constitutional provisions invoked (art. I, sec. 11; art. I, sec. 21, and art. IV, sec. 25, subd. 19) apply as well to a statute imposing an excise tax as to any other (*In re Richardson*, 170 Cal. 68, 73 [148 Pac. 213]).

Judgment affirmed.

Richards, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

LANGDON, J., Dissenting.—I dissent. There is no uncertainty or ambiguity in the language of the statute under consideration, and, consequently, no occasion for judicial construction. Such statute provides that it ''shall not be held or *construed* to apply to . . . (c) any motor vehicle fuel delivered under contracts entered into prior to the fourteenth day of May, 1923 . . . '' The legislature may have had in mind, as contended by the attorney-general, only contracts providing a fixed price for fuel, but it has not so restricted the term, and to amend the statute by judicial construction seems to me an usurpation of legislative power which is unjustified even in the interests of public policy.

Rehearing denied June 29, 1928, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing herein it is urged that this court has erroneously ''assumed that there

were two types of contracts in existence, i. e., contracts having (a) a fixed sales price, and (b) a flexible sales price,'' whereas, it is insisted, ''it is apparent from the record either directly or by necessary inference that the so-called fixed price contracts do not exist.'' It is therefore contended that a conclusion cannot be drawn that the legislature had in mind two types of contracts and by its action intended to provide only for a fixed price contract. Assuming that the record is susceptible to the construction placed upon it by counsel, namely, that only flexible sales contracts were in existence at the effective date of the act, the correctness of the conclusion that the contractors thereunder would be in no different situation so far as the license tax was concerned than those having no contracts outstanding is further emphasized. The opportunity of those in each class to protect themselves against the burden of the license tax was the same. The operation of the law with the exemption in it would therefore confer upon those attempted to be exempted a special privilege or immunity not accorded to others similarly situated. The exemption, then, would effect an unlawful discrimination as between those in the same class and would be void under section 21 of article I of the constitution. (See *Bacon Service Corp.* v. *Huss,* 199 Cal. 21 [248 Pac. 235].) The fact that the unlawful exemption was stricken from the statute by later enactment of the legislature could not affect the petitioner's obligations under the act with the void exemption in it. The petition for a rehearing is denied.