No. 28,598.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Appellee*, v. ROBERT G. SNELL et al., *Appellants*.

(275 Pac. 209.)

Opinion filed March 9, 1929.

*L. D. Dowling* and *O. R. Cram*, both of St. Francis, for the appellants.

*William A. Smith*, attorney-general, *Walter T. Griffin*, assistant attorney-general, and *Roy T. Johnson*, county attorney, for the appellee; *E. E. Steerman*, of Osborne, of counsel.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover motor vehicle fuel taxes accruing to the state under the provisions of chapter 274 of the Laws of 1925. Plaintiff prevailed, and the defendants appeal.

The facts are substantially as follows: The defendants, who in 1925 were dealers in motor vehicle fuel at Bird City, refused to pay the two-cent tax on fuel oil, and this action was brought to recover the amount due. Trial to a jury resulted in judgment for plaintiff on some eight causes of action covering that number of months in 1925 for which such tax was due. The defendants contend that the plaintiff has no capacity to maintain the action and that the act (Laws of 1925, ch. 274) is unconstitutional. They also contend that chapter 214 of the Laws of 1925 is unconstitutional. (This chapter was repealed by chapter 255 of the Laws of 1927.) The argument is that as the statutes make special provision for the collection of taxes they are not debts in the ordinary sense of that term (*Comm'rs of Stafford Co. v. National Bank*, 48 Kan. 561, 30 Pac. 22) and that an action prescribed by the civil code will not

lie for their recovery. Also, that section 12 of chapter 274 of the Laws of 1925 provides a complete and adequate remedy in that one failing or refusing to abide by the provisions of such law may be fined and imprisoned. The act in question creates no property tax but is a personal liability upon dealers. The act merely provides "that said tax shall be paid by the dealer to the state oil inspector." (§ 5.) It does not make the tax a charge upon any specific property, nor does it prescribe any method or remedy for recovery of the tax. The only means of collection of the tax is by enforcement of the personal liability of the dealer handling the fuel. Nor is the prosecution authorized by the act a "full, complete and adequate remedy" for defendants' failure to pay the tax. The prosecution provided by the act furnishes no means for such collection. Nor is *Comm'rs of Stafford Co. v. National Bank,* supra, an authority against the position taken by the state in the instant case. It was there said:

"A tax is not a debt in the ordinary acceptation of that term and consequently a civil action will not lie for its recovery except in those cases where the statute expressly confers the right to bring such an action, or where it impliedly confers such a right by omitting all mention of any method for the collection of the tax." (p. 562.)

In 3 Cooley on Taxation, 4th ed., § 1331; p. 2631, this language is used:

"The question often arises whether the ordinary remedies for the collection of debts can be applied to taxes. In general it will be found that statutes imposing taxes make special provision for their collection, and do not apparently contemplate that any others will be necessary; but these may, nevertheless, fail; and the question then arises whether the tax must fail also, or whether resort may be had by the state to such remedies as would be available to individuals to enforce demands owing to themselves. But instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit or debt would lie for the recovery thereof. In other words, the implication of an intent to give a remedy by suit is so strong as to be conclusive, where the statute provides for a tax, but is silent as to the method of collection." (See, also, 26 R. C. L. 380, 381; 37 Cyc. 1240, 1241; note in 41 L. R. A., n. s., 730, 734; *United States v. Chamberlin,* 219 U. S. 250, 31 Sup. Ct. 155; *Pioneer Oil & Refining Co. v. State,* 273 S. W. 615.)

Under the authorities cited there can be no question but that the state was empowered by implication to collect the tax now under consideration. Other issues were involved in the following California

cases, but the right of the state to bring civil action for the recovery of gasoline taxes appears not to have been questioned: *People v. Ventura Refining Co.*, (Cal.) 268 Pac. 347; *People v. General Petroleum Corp.*, (Cal.) 268 Pac. 352; *People v. Richfield Oil Co.*, (Cal.) 268 Pac. 353, 355.

The right of the state to maintain a civil action to recover a gasoline tax was not denied in *State, ex rel., v. Panhandle Oil Co.*, 147 Miss. 663, 112 So. 584, although it was held by the United States supreme court that there was no liability to the state for taxes upon sales to the United States fleet and the United States hospital. (See same case, *Panhandle Oil Co. v. Mississippi, ex rel. Knox*, 277 U. S. 218, 72 L. Ed. 857; see, also, *Price v. United States*, 269 U. S. 492, 70 L. Ed. 373; *Updike v. United States*, 8 F. [2d] 913; *United States v. Ayer*, 12 F. [2d] 194.)

The chief attack on the constitutionality of the acts is made under section 8 of article 11 of the constitution, which provides that "The state shall never be a party in carrying on any works of internal improvement except to aid in the construction of roads and highways," and fixing certain percentage, cost, and mileage limits for such aid. It is argued in effect that since the tax is levied under state laws, it is a state tax; that the state must be a party in carrying on the works in which the tax fund is expended and that the state, operating through the counties, might exceed the limits permitted by the constitution, and that therefore the act is unconstitutional. The contention is not sound. It cannot be presumed that the officers, either state or county, will violate the provisions of the constitution or law, and even if they did, their acts could not render the statute unconstitutional. Also, that both chapter 274, enacting the tax and providing a distribution of the fund, and chapter 214, which modifies the provisions for distribution, ignore the provisions of section 8 of article 11, fixing percentage, cost and mileage limits to be observed in state carrying on road work. In answer to this contention it may be noted that chapter 214 is not a part of the tax act. If it is valid it modifies chapter 274, while if it is invalid chapter 274 is not affected. However, the validity of the tax is not dependent upon the validity of chapter 214, nor is that chapter involved in this action.

Section 10 of chapter 274 provides:

"The portion of the revenue arising from the said tax, collected from each

county, shall by the state treasurer be returned and paid over to such counties . . . and all sums so paid to such counties shall be placed in the general road fund of said county and expended as provided by law."

This places upon the county the duty of carrying on the work of road improvement and cannot be said to make the state a party in carrying on the work, in violation of the provisions of said section 8 of article 11 of the constitution.

In *State, ex rel., v. Gardner,* 122 Kan. 508, 252 Pac. 463, this court construed the distribution provision of said chapter 214 and held that the state aid road fund was to be "expended under the direction of the state highway commission acting in conjunction with boards of county commissioners in the various counties of the state upon the state highway system where appropriate highway improvement projects are being carried on." (p. 513.) Even if it be said that such use of the funds after distribution among the counties in conjunction with the several boards of county commissioners makes the state a party in carrying on such work, such state participation is permissible within the percentage, cost and mileage limit provisions of the constitution. We find nothing in section 8 of article 11 of the constitution which invalidates the act under discussion.

A contention that the act (ch. 274) is in violation of the provisions of section 16 of article 2 of the constitution, that the subject of the act shall be clearly expressed in its title, cannot be sustained. (*Getty v. Holcomb,* 79 Kan. 224, 99 Pac. 218; *In re Schley,* 71 Kan. 266, 80 Pac. 631; *State, ex rel., v. Beggs,* 126 Kan. 811, 271 Pac. 400; *Altitude Oil Co. v. People,* 70 Colo. 452, 202 Pac. 180.) Nor does the subject require elucidation.

Other questions presented have been considered, but need not be discussed.

The judgment is affirmed.