No. 43,467

NOAH HAMPTON, an Individual, d. b. a. NOAH HAMPTON HAY &
FEED, *Appellant,* v. THE CITY OF WICHITA, KANSAS, a Municipal
Corporation, RUSSELL McCLURE, City Manager; CARL BELL, JR.,
Mayor; C. H. FUNK, City Clerk; RALPH KLOSE, City Treasurer,
*Appellees.*

(389 P. 2d 757)

Opinion filed March 7, 1964.

*Harold Irwin,* of Wichita, argued the cause, and was on the briefs for the
appellant.

*Eugene L. Pirtle,* of Wichita, argued the cause, and *Fred W. Aley* and
*John Dekker,* of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: The City of Wichita, defendant (appellee), enacted
an ordinance for revenue purposes, levying a tax upon trades, oc-
cupations and businesses conducted within the city. From the dis-
trict court's refusal to invalidate the ordinance and enjoin its
enforcement, the plaintiff (appellant), Noah Hampton, an in-
dividual, doing business as Noah Hampton Hay & Feed, appeals.

On July 31, 1962, the city adopted ordinance No. 26-608. The
plaintiff filed his petition alleging in pertinent part that he, as
well as all businesses, trades, occupations and professions, is af-
fected by the ordinance; that an actual controversy exists between
the city and the plaintiff; and that the ordinance presumes to levy
a license tax for revenue purposes upon the respective trades, oc-
cupations, businesses and professions carried on within the city.
The petition further alleges the ordinance is void in that it violates
article 12, section 5 of the state constitution [commonly referred to
as the "Home Rule" amendment]; that the ordinance is incapable

of enforcement in that it provides for no penalty for its violation; that it is unreasonable, vague and indefinite; and that the classification is arbitrary, discriminatory, and so vague that the plaintiff cannot comply with its terms. Plaintiff asked the court to enjoin the city from enforcing the ordinance.

The city admitted the ordinance was enacted as an occupational tax ordinance but contended it was valid and authorized by article 12, section 5 of the state constitution and its operation should not be enjoined.

The case was submitted on the pleadings with the ordinance attached thereto. It was stipulated the only question involved was the interpretation of the ordinance and its validity. The court struck certain portions of the ordinance as being invalid, found the remaining portions of the ordinance to be valid, and denied plaintiff relief.

Article 12, section 5 of our state constitution (effective July 1, 1961) provides in pertinent part:

"(b) Cities are hereby empowered to determine their local affairs and government including the levying of taxes, excises, fees, charges and other exactions except when and as the levying of any tax, excise, fee, charge or other exaction is limited or prohibited by enactment of the legislature applicable uniformly to all cities of the same class: . . .

"(d) Powers and authority granted cities pursuant to this section shall be liberally construed for the purpose of giving to cities the largest measure of self-government."

The mentioned constitutional amendment confers on cities the power to determine their local affairs, including the levying of taxes, except when such tax is limited or prohibited by enactment of the legislature applicable uniformly to all cities of the same class.

Having in mind the new power of the cities to levy occupational and other taxes, the state legislature, utilizing its right to limit or prohibit this power, enacted general statutes of prohibition, limitation and procedure relating to the levying or imposition of taxes, excises, fees, charges and other exactions. (G. S. 1961 Supp., 12-137 through 12-141.) Section 12-139 provides that no city shall impose an excise tax, or tax in the nature of an excise, upon a sale or transfer of personal or real property or the use thereof. Section 12-140 provides no city shall have the power to levy and collect taxes on incomes from whatever source derived. Section 12-141 provides in part that nothing in the act shall prohibit or be construed as prohibiting any city from imposing license fees for

the privilege of engaging in any business, trade or occupation, but the determination of any such license fee shall not be based on any amount the licensee has received from the sale or transfer of personal or real property, or for the rendering or furnishing of a service, or on the income of the licensee.

The legislature did not see fit to impose any further restriction on cities imposing an occupational tax such as imposed by the ordinance in the instant case.

No useful purpose would be gained in setting out the ordinance verbatim. Suffice it to say we have carefully examined it and find nothing contained in the ordinance inconsistent with the provisions of article 12, section 5 of the state constitution, and we have been cited to no section of the statute which limits the city in imposing the occupational tax under the ordinance in the instant case.

Plaintiff contends the ordinance attempts to place a tax on real estate in violation of G. S. 1961 Supp., 12-139. We find no merit in this contention. The ordinance creates no property tax nor attempts to impose a tax on the sale or transfer of real or personal property or the use thereof, nor does the ordinance make the tax a charge upon any specific property; it is solely an occupational tax on the business conducted.

The plaintiff further contends the ordinance cannot be enforced for the reason no provision is made by statute for the collection by civil action of the tax. The legislature provided no method for the collection of taxes levied by cities under the constitutional provision, and the ordinance does not make the tax a charge upon any specific property nor does it provide any means or remedy for recovery of the tax. The only method of collection of the tax is by enforcement of the personal liability created on the business conducted. Therefore, inherent in the power granted by the constitution to cities to levy taxes, absent any legislative action providing a method for the collection of the tax, is the implied power to collect such taxes. While the ordinance contains no provision for recovery of the tax by civil action, its failure to so provide will not prevent the city from later exercising the privilege given it by the inherent provisions of the constitution.

Under the authorities it may be stated that a tax is not a debt in the ordinary acceptation of that term, and consequently a civil action will not lie for its recovery, *except* in those cases where the statute expressly confers the right to bring such an action *or* where it

impliedly confers such right by omitting all mention of any method for the collection of the tax. (*Comm'rs of Stafford Co. v. National Bank,* 48 Kan. 561, 562, 30 Pac. 22.)

In *State, ex rel., v. Snell,* 127 Kan. 859, 860, 275 Pac. 209, in quoting from 3 Cooley on Taxation, 4th ed., § 1331, p. 2631, it was stated:

" 'The question often arises whether the ordinary remedies for the collection of debts can be applied to taxes. In general it will be found that statutes imposing taxes make special provision for their collection, and do not apparently contemplate that any others will be necessary; but these may, nevertheless, fail; and the question then arises whether the tax must fail also, or whether resort may be had by the state to such remedies as would be available to individuals to enforce demands owing to themselves. But instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit or debt would lie for the recovery thereof. In other words, the implication of an intent to give a remedy by suit is so strong as to be conclusive, where the statute provides for a tax, but is silent as to the method of collection.' (See, also, 26 R. C. L. 380, 381; 37 Cyc. 1240, 1241; note in 41 L. R. A., n. s., 730, 734; *United States v. Chamberlin,* 219 U. S. 250, 31 Sup. Ct. 155; *Pioneer Oil & Refining Co. v. State,* 273 S. W. 615.)"

The trial court did not err in holding that the city might maintain a civil action for the collection of the tax.

Plaintiff contends the ordinance is void in its entirety for the reason the lower court struck out a few specified provisions. We have examined the ordinance in question on the basis of the abstracts and briefs presented to this court and are of the opinion the trial court did err in striking certain provisions from the ordinance but conclude the ordinance is valid, does not violate article 12, section 5 of the state constitution, and is not discriminatory, arbitrary, unreasonable or incapable of enforcement. The judgment of the trial court is affirmed as modified.

It is so ordered.

FONTRON, J., not participating.