JOHN C. DOUGLASS, *as Guardian, &c.,* v. PETER DICKSON.

1. TRESPASS; *Sufficient Evidence of Title.* Possession under claim and color of title is sufficient evidence of title in an action to recover damages from a mere trespasser.

2. MINOR'S LAND—*Tax Deed Passes Title.* The fact that land belongs to a minor does not prevent the title thereto passing by a tax deed. Notwithstanding the right of redemption, which continues in the minor until one year after attaining majority, title will pass by the deed, subject to be defeated by the exercise of the right of redemption within the time limited.

3. EVIDENCE, ALIUNDE, *Against Tax Deed.* Where a defendant in an action of trespass justifies his acts by a tax deed *prima facie* valid, plaintiff may in rebuttal offer testimony *aliunde* the deed to show that though apparently good, it is in fact invalid by reason of some fatal defect in the prior tax proceedings.

4. CASE, *Criticised.* A purchaser at a tax sale, holding only a sale certificate, and before the execution of a tax deed, has no such title or right to the land as will protect him in committing waste. (*Stebbins v. Guthrie,* 4 Kas. 353, criticised.)

*Error from Jackson District Court.*

ACTION brought by *Douglass,* as guardian of the estate of Hattie R. Douglass, against *Dickson,* to recover damages for rock quarried and carried away from a certain tract of land claimed to belong to plaintiff. Trial by a jury at the January Term, 1884, but at the close of the evidence the court instructed the jury to find for the defendant. Judgment for

costs against the plaintiff, who brings the case here.   The opinion states the facts.

*John C. Douglass,* for plaintiff in error.

*Hayden & Hayden,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error, plaintiff below, to recover of defendant in error for certain rock quarried and carried away from a tract of land claimed to belong to the plaintiff.   The defendant, not questioning the fact of the quarrying and removing of the rock, claimed the right to do so as owner.   The case was tried by a jury, but at the close of the testimony the court instructed the jury to find for the defendant.   The plaintiff's title is founded upon a tax deed issued to John C. Douglass on January 30, 1872, based upon a sale of May 7, 1863, for the taxes of 1862.   Defendant claims title by virtue of a tax deed for the taxes of 1873, executed on June 29, 1877, to one Chas. L. Flint, and a quitclaim deed from said Flint of date March 30, 1880; and also by virtue of a tax-sale certificate issued to himself on September 2, 1879, at a sale for the delinquent taxes of 1878.   As there is one ruling of the district court which we think is erroneous and sufficient to compel a reversal of the judgment, we shall not attempt to notice all of the questions presented and discussed by counsel in their behalf, but shall content ourselves with reference to the one upon which a reversal is ordered, and such other matters as may become material in the further trial of the case.

First, we remark that the tax deed to plaintiff's grantor is *prima facie* valid. (*Morrill v. Douglass,* 14 Kas. 293.)

Second, even though the deed be shown to be in fact invalid, yet where possession is taken and held under it, either personally or by tenant, such possession, being under color and claim of title, is sufficient evidence of title to sustain a recovery of damages as against a mere trespasser.   It is clear

from the testimony that plaintiff was in possession by a tenant for a year or so, claiming to own it by virtue of this tax deed. This was unquestionably evidence tending to show title.

Third, a tax deed passes the title, and this notwithstanding the owner of the land may be a minor, and therefore entitled to redeem at any time within one year after attaining majority. This, we think, is the clear import of our statutes. It will be borne in mind that a minor has no inherent right of redemption, and unless the statutes make express provisions for disability, such as those of infancy, etc., every right of redemption will cease at the expiration of the same statutory time. (Cooley on Taxation, p. 364, and cases cited in note.) If the infant's right of redemption can be cut off at the end of three years equally with the adult's, then the effect of the tax deed can be prescribed by the legislature in one case as well as in the other. Now the form of a tax deed is that of a present conveyance of the title. (Comp. Laws 1879, p. 966, ch. 170, § 138.) It is true the deed closes with this proviso: "Subject, however, to all rights of redemption provided by law," but while it is subject to the right to redeem, it is clearly in terms a present conveyance of the title.

Further, the section prior to the language of the former, states that the deed "shall vest in the grantee an absolute estate in fee simple," so that we have not merely a deed purporting to convey a present estate, but the statute declaring that it shall vest an absolute estate. Still further, there is no provision for any subsequent conveyance, so that if the deed does not pass the title, it never passes by virtue of any instrument alone. That a title once transferred and vested in a grantee may be defeated by matters arising subsequent to the deed, is no anomaly. A title is often defeated by breach of a condition subsequent, and yet the possibility of such defeat does not prevent a present transfer of title.

But we need not rest on these matters alone. Turning to §§ 132, 133, and 134 of said chapter 107, we find provisions for redemption after tax deed. Section 132 prescribes the

amount which shall be paid, which includes the cost of the tax deed and the record of the same, and further provides that from the time of making the redemption the deed given upon the sale shall be void as against such minor, etc.   Section 134 provides that the moneys received by the county treasurer for such redemption shall be paid to the one holding the tax title, on his delivery to the treasurer for the use of the person redeeming a quitclaim deed of all the title acquired under the tax sale.   These provisions clearly recognize the fact that title passes by the deed, notwithstanding the owner is at the time a minor.  We think, therefore, that this objection to the force and effect of the tax deed under which defendant claims, upon which counsel for plaintiff in error places so much stress in his argument, cannot be sustained.

Fourth, we remark that the tax deed under which defendant claims title is *prima facie* valid.   The objections made to the form are not well taken.   After the plaintiff had rested his case, defendant as a part of his evidence introduced this tax deed.   Then on rebuttal plaintiff sought to introduce evidence outside the deed to impeach its validity.   In respect to this the record reads as follows:

"Here defendant rested his case, and plaintiff offered in rebuttal to prove by Wm. A. Allen that he was treasurer of said Jackson county in 1874, and down to 1878, and made the sale for the taxes of 1873, and that he did not post the notice for said tax sale in any place outside of his office; and that he did not post the redemption notice, that is, the notice when deeds would be due and given on said sale for 1873 tax unless sooner redeemed, in any place outside of his office for said sale for 1873 taxes.   Defendant objected to this offer, on the ground that the witness was not present.   Plaintiff then requested the court to postpone the hearing of the case until he could produce Wm. A. Allen's presence, and stated that it was now about the usual time of adjournment.   The court asked if Allen had been subpenaed, and was informed by plaintiff's attorneys that he had not, and the court refused to postpone the hearing of the case until Allen could be sent for and brought into court; that Allen was not present at the trial, and, though called at the door by the sheriff, failed to respond, and that plaintiff did not produce said W. A. Allen

as a witness at any time during the trial; but the court on its own motion stated that the record might show that Allen was present for the purpose of the offer, but that the testimony offered was not rebuttal, to which ruling of the court that said testimony was not rebuttal testimony, and refusing to admit it in evidence, the plaintiff at the time excepted. This closed plaintiff's evidence."

Now upon this, counsel for defendant in error contend that the only decision made by the court was a refusal to postpone the trial until the witness Allen could be procured, and as Allen had not been subpenaed, the postponement was a mere matter of discretion, and it not appearing that there was any abuse of discretion, error cannot be predicated of the ruling; that the defendant was no party to the statement made by the court, as to what the record might show, and as to the incompetency of the testimony ; and that although the court may have erred in such statement, it was simply giving an erroneous reason for a correct decision already made. The argument in support of this is forcibly put by the counsel, and has at least the merit of plausibility. But we do not think it fair, either to the parties litigant or to the trial court, to dispose of the question in that way. Evidently the trial court at the moment thought the testimony offered was incompetent, as not rebutting, and for that reason refused the postponement which otherwise it would have granted. It was applying no balm to the sensibilities of counsel, possibly wounded by a supposed imputation of negligence in failing in due time to subpena an important witness. It was simply determining rights, and the court, believing the testimony incompetent, refused a postponement for the purpose of procuring the witness, when the only result would be the placing of the witness on the stand, the asking of the question, and the formal ruling rejecting the testimony. The only fair way, therefore, to treat it, is as a direct ruling against the competency of such testimony in rebuttal.

On this question of practice we think the court erred; that when the defendant offered the deed, while the plaintiff might object on the ground of defects apparent on the face,

and might also in the discretion of the court be permitted to then introduce other testimony, yet he had no right to interrupt the course of defendant's testimony by any counter evidence of his own of the kind subsequently offered. Any independent testimony which he had to offer making against the validity of the deed was testimony properly in rebuttal. Obviously there might be of such testimony a large amount, presenting conflicting questions of fact, and to permit the course of defendant's testimony to be broken in upon by this impeaching evidence, might in many cases seriously impair a clear and symmetrical presentation of defendant's case to the jury. It must be remembered that this testimony is not simply for the consideration of the court for the purpose of determining the admissibility of the deed, but presents substantial questions of fact upon which under proper instructions the jury are to determine the validity of the deed.

Fifth, a final matter is in reference to a sale certificate. This sale certificate was issued directly to the defendant, upon a purchase made by him at the tax sale. This certificate he held at the time of the trespasses complained of, while in reference to the title by the tax deed referred to in the last paragraph, it should be noticed that defendant obtained that title by quitclaim from the original tax grantee only after the trespass complained of had been committed. The sale certificate held by defendant had not ripened into a tax deed, and the question is whether that sale certificate furnished any defense. As heretofore stated, the trespasses complained of consisted in quarrying and removing rock, something which diminished the value of the realty, a matter of waste. It was held in the case of *Stebbins v. Guthrie*, 4 Kas. 353, that a sale certificate was sufficient title to invoke the protection of the occupying-claimant act. From that decision we have no disposition to dissent; but there is a portion of the syllabus, as well as of the opinion, which, taken as a general statement, cannot be upheld. It is there said that a purchaser at a tax sale becomes the owner at the time of the purchase, his title being only defeasible by re-

demption.  Now if by this is meant that the title passes at the time of the sale, and that the purchaser is then invested with all the rights and privileges of ownership, the language is too broad.  At the time of the sale, the purchaser acquires an interest which ripens into a title only on the execution of a deed.  The title passes by the deed; till then, it remains with the original owner.  This is manifest from the express language of the sections of the statute heretofore referred to.  It is also the general voice of the authorities.  In Cooley on Taxation, p. 368, ¶ 9, the author says:

"The purchaser has no title to the land until the time for redemption has expired.  He has consequently no constructive possession of the premises, and no more right to go upon and make use of the same than any stranger to the title would have.  His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who might recover against him for any injury committed."

See also *Lightner v. Mooney*, 10 Watts, 407; *Gault's Appeal*, 33 Pa. St. 94; *Shalemiller v. McCarty*, 55 id. 186.  This is in harmony with the rule prevailing in many states in respect to sales on execution, the judgment debtor being entitled to a year or more in which to redeem, and while such right continues he holds the possession and legal title.  While the sale certificate may protect a party in making improvements, for so the statute expressly declares, yet it will not protect him in committing waste.  Therefore the sale certificate of defendant was no defense.

We see nothing else requiring notice.  The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.