No. 22,360.

A. H. WARNER, *Appellee,* v. O. G. HINSHAW, *Appellee,*
ROY V. PILE, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. TAX TITLE—*Land Bid in by County—Certificate Assigned—Notice to
Landowner Required of Holder of Certificate—Statutes Construed.*
Section 11434 of the General Statutes of 1915, which was repealed
(Laws 1917, ch. 328), and which provided that where a county bids
in property and assigns the certificate, the holder thereof shall give
to the owner of the real estate a written notice stating ·that he is
the holder and that a tax deed will issue within sixty days after the
date of said assignment, and that after the certificate issues the
owner or his agent shall have sixty days from the date within which
to redeem, was intended to be supplemental to the act of 1891, which
authorized counties that had adopted the provisions of the act to bid
in property at tax sales.

2. SAME—*Land Bid in by County—County Not an Ordinary Purchaser
at Tax Sale.* Where a county has adopted the provisions of chapter
162 of the Laws of 1891 (Gen. Stat. 1915, §§ 11431-11433), and bids
in property at a tax sale, it does not thereby become a purchaser in
the sense that́ a third party does, who buys at an ordinary sale for
taxes, and who has no interest in the tax sale, but bids in the prop-
erty for the taxes and penalty, and pays the amount of his bid into the
treasury. Until the county has assigned the certificate to a third
party, the proceedings for a tax deed cannot be said to have origi-
nated, within the meaning of section 11490 of the General Statutes
of 1915, which provides that proceedings for the sale and convey-
ance of lands for taxes under any prior statute shall be fully com-
pleted according to the laws under which they originated.

3. SAME—*Statute Requiring Sixty Days' Notice to Landowner in Which
to Redeem is Constitutional.* Chapter 363 of the Laws of 1915 is not
unconstitutional on the ground that by extending the period of the
owner's redemption it violates the obligation of a contract between the
state and the purchaser of the certificate.

4. SAME—*Void Tax Deeds—No Statutory Notice Given by Holder of
Tax Certificate.* Tax deeds issued by a county operating under the
act of 1891 are held to be void on their face because they show that
the land was bid in by the county in 1913, the certificates were as-
signed September 5, 1916, the deeds were executed September 13,
1916, and the holder of the certificates failed to comply with the
provisions of chapter 363 of the Laws of 1915, which required that
upon the assignment of the certificate the holder should give the
owner sixty days' notice thereof, and that the owner should have
sixty days from the date of the certificate within which to redeem.

Warner v. Pile.

Appeal from Haskell district court; GEORGE J. DOWNER, judge. Opinion filed December 6, 1919. Affirmed.

G. W. Sawyer, of Liberal, for the appellant; H. A. Gaskill, of Liberal, of counsel.

F. Dumont Smith, C. M. Williams, and D. C. Martindell, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The one question involved in this case is the validity of two tax deeds under which the appellant claims to own the real estate in controversy. The district court held the deeds, which are less than five years old, void on their face. A number of reasons are urged by the appellee to sustain the judgment, but it will be only necessary to consider the contention that the deeds are void for the reason that they were not issued in compliance with section 11434 of the General Statutes of 1915. The tax deeds show that the certificates were assigned to appellant September 5, 1916, and that the deeds were executed September 13, 1916. At that time chapter 363 of the Laws of 1915 was in force. It was repealed in 1917. Section 1 of the act contained the provision that—

"Upon the assignment of a certificate the holder thereof shall give to the owner of such real estate, a notice in writing stating that he is the holder thereof, and that a tax deed will issue within sixty days after the date of said assignment, said notice being served personally on such owner or by registered letter duly mailed to the last known post-office address of the owner of such real estate, the expense of such notice to be borne by the county; and provided further, that after the certificate issues the owner or his agent shall have sixty days from the date of its issuance within which to redeem from the sale." (Gen. Stat. 1915, § 11434.)

Until the enactment of the law of 1915, there was no provision as to when a deed should issue under the act of 1891. The law of 1915 expressly provides that it applies to counties operating under the provisions of chapter 162 of the Laws of 1891, and it was obviously intended to be supplemental to that law. No notice was given by the appellant under the provisions of the supplemental act of 1915, his contention being that a purchaser at a sale of land for taxes has a right to have

his purchase completed under the law in existence at the time he makes his purchase, and that the assignment by the county of its rights, though made in 1916, gave him all the rights of a purchaser under the law as it stood when the land was bid in by the county, which was prior to the act of 1915. In this connection he also contends that the act of 1915 was unconstitutional for the reason that it attempted to affect the remedy or obligation of a contract. Appellant relies upon the case of *Pounds v. Rodgers*, 52 Kan. 558, 35 Pac. 223. At the time of the tax sale in that case the law provided that the amount for which the land was sold and all subsequent taxes and charges should bear interest at the rate of twenty-four per cent. In 1893 the rate of interest to be paid on the redemption was reduced to fifteen per cent. The question was, whether the redemption was controlled by the law of 1893 or the law in force at the time of the tax sale. Chapter 34 of the Laws of 1876, section 155, provided that all matters relating to the sale and conveyance of land for taxes under any prior statute shall be fully completed according to the laws under which they originated, the same as if such laws remained in force. It was held that to apply the lower rate of interest under the law of 1893 would amount to a violation of the obligation of the contract between the purchaser and the state. The case was well decided, but the controlling principle was that an ordinary tax sale under the statute constitutes a contract between the purchaser and the state, the terms of which are found in the law in force at the time of the sale. But the case is not in point. By bidding in the property under the law of 1891, the county does not become a purchaser in the sense that some third party does, who buys at a general sale for taxes, and who is not interested in the tax sale, but bids in the property for the taxes and penalty, and actually pays the amount of his bid into the treasury. Where the county, acting under the law of 1891, bids in the land, no money is paid into the treasury by virtue of the transaction. If any contract could be said to arise, it would neccessarily be one between the state on one side and the state on the other, the purpose of which was not to acquire title to the property, but merely to provide a method for collecting the delinquent taxes.

The contention that the county became a purchaser at the tax sale in 1913 under a contract which could not be enlarged or changed by subsequent legislation is not sound. By bidding in the land the county did not acquire the right to a deed, nor to possession, as an individual acquires through a purchase at an ordinary tax sale. Before the county could obtain a deed and the right to possession, foreclosure proceedings would be necessary under the provisions of section 11476 of the General Statutes of 1915.

"The title acquired by the state or a municipality at a tax sale is not quite the same as that vesting in a private purchaser, since the object of the purchase is not the acquisition of property, but rather the collection of the taxes; hence it is not, at least in its inception, an absolute legal title, carrying with it the right of possession and of disposition, but in the nature of an equitable title existing for the purpose of compelling satisfaction of the taxes and charges due." (37 Cyc. 1355.)

It is true that a sale to an individual of real estate at a tax sale constitutes a contract with the state, and any tax law enacted thereafter will not affect the rights of the purchaser, but the appellant did not become a purchaser until 1916, after the amendment of 1915 was in effect. There is a provision in the general tax law (Gen. Stat. 1915, § 11490) which declares that—

"All matters relative to the sale and conveyance of lands for taxes under any prior statute shall be fully completed according to the laws under which they originated, the same as if such laws remained in force."

The appellant contends that even if chapter 363 of the Laws of 1915 is held constitutional, section 11490 required the deeds to be issued according to the law as it stood prior to 1915. However, we hold that the proceedings for the sale and conveyance of the lands mentioned in these deeds did not originate under the law in force at the time the county bid in the property, but that they originated at the time the county assigned the certificates. The deeds were void because they show that notice was not given to the owner as required by the law of 1915, which was in force from the time the proceedings originated until after the deeds were executed.

The judgment is affirmed.