No. 31,306

The Board of County Commissioners of the County of Crawford, *Appellant,* v. Adolph Kurent, *Appellee;* Ed Brennon, *Defendant.*

(27 P. 2d 226.)

Opinion filed December 9, 1933.

*Robert S. Lemon,* county attorney, and *T. J. Karr,* assistant county attorney, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Smith, J.: This action was brought by a board of county commissioners to enjoin defendant from mining coal upon and thereby destroying the value of certain land which had been bid off by the county for delinquent taxes in 1929. Judgment was for defendant. Plaintiff appeals.

The petition alleged that defendant was the owner of the land involved; that the taxes were a first lien on the land; that defendant was mining coal thereon by strip mining, which was destroying the value of the real estate in question, and that if defendant was not enjoined from destroying the land the taxes would be lost; that defendant had no right to do the acts complained of, and that plaintiff had no remedy at law. A demurrer to the petition was sustained. It is from that judgment that this appeal is taken.

It is argued for the county that although there is no statute covering the subject, equity should take a hand and afford the county protection between the time of the attaching of the tax lien and the subsequent disposition of the property. The trouble with this argument is that the procedure for the collection of taxes is prescribed and regulated by statute. The legislature having control of the remedies by which delinquent taxes are to be collected, it is beyond the power of the court to allow any other method. (61 C. J. 1043.)

In *Ness County v. Light & Ice Co.*, 110 Kan. 501, 204 Pac. 536, a case somewhat analogous to this one, the county sought to charge an owner of lots with a personal judgment for damages for removing improvements from the lots, resulting in a loss of taxes. The court held:

"The entire subject of taxation is statutory; the method prescribed for the recovery of delinquent taxes is statutory, and it does not exist apart from the statute." (Syl. ¶ 2.)

Discussing the question the court said:

"The county board argues that this court, by principles of analogy and deduction, should declare the law to be what the legislature itself could declare, but what the legislature has not yet declared—that where the owner of property willfully damages the realty by removal of improvements therefrom he is personally liable in damages to the county if the realty thus damaged will not sell for enough to pay the county's lien for taxes." (p. 502.)

The statute (R. S. 79-2801 *et seq.*) provides plaintiff an adequate and effective remedy and a remedy which was available to plaintiff shortly after this suit for an injunction was filed. Under those sections of the statute, when land is bid in by the county and, has remained unredeemed and the certificate of sale untransferred for a period of three and one-fourth years, the county may foreclose its lien by action in the district court. It is the duty of the court in as summary a way as possible to decide the amount of taxes, interest and penalty due and render judgment therefor. The county in this manner acquires title and right to possession. It may then have issued an execution or order of sale and sell the land, or, under R. S. 79-2806, have a receiver appointed who shall collect rents and profits from the land which shall be applied in payment of the taxes. The petition does not disclose that such steps have been taken.

As it is, the county has neither title nor right to possession such as is necessary to support a suit against the owner to enjoin acts impairing or destroying the value of real property. (*Warner v. Pile,* 105 Kan. 724, 185 Pac. 1041; *Douglass, Guardian, v. Dickson,* 31 Kan. 310, 1 Pac. 541; 40 Cyc. 525.)

It is our opinion the demurrer to the petition was rightfully sustained and the judgment should be affirmed. It is so ordered.

HUTCHISON, J., not sitting.