### No. 32,013

D. F. SARVER, *Plaintiff* (THE STATE OF KANSAS, Claimant, *Appellant*), v. THE SARVER OIL COMPANY (O. M. MADISON, Receiver, etc.), *Appellee.*

(40 P. 2d 394)

Opinion filed January 26, 1935.

*Roland Boynton,* attorney-general, *Walter T. Griffin,* assistant attorney-general. *J. F. Tillman,* county attorney, and *Alex A. Hotchkiss,* of Lyndon, for the appellant.

*N. C. Else* and *Hubert Else,* both of Osborne, for the appellee.

*O. D. Gregory,* of Osborne, for the creditors.

The opinion of the court was delivered by

HARVEY, J.: This action involves the right of the state to have its claim for motor-fuel tax against an oil company allowed, with

priority of payment over other claims, by the receiver of the oil company appointed by a state court. The trial court allowed the claim to be paid *pro rata* with claims of other creditors, and denied priority. The state has appealed.

The Sarver Oil Company, engaged in the retail sale of petroleum products, was a Kansas corporation with its oil service station and principal place of business at Osborne. Its service station burned, it became financially involved, and in October, 1932, O. M. Madison was appointed as its receiver upon the petition of a creditor and stockholder. The oil company had not paid the state the tax required by chapter 287 of the Laws of 1929, then in force, for petroleum products sold in 1931. The state of Kansas, through its authorized official, an assistant state oil inspector, filed with the receiver its claim against the oil company for such tax, in the sum of $1497.94, and asked that it be allowed with priority of payment over other claims.

On the hearing as to priority it was stipulated: That the tax in question was levied by virtue of statutes in force when the petroleum products were sold; that no notice of lien was filed with the register of deeds; that the state claims no lien upon any property for the amount of the tax; that no attempt had been made to collect the tax against the Sarver Oil Company, or any member thereof, except the filing of this claim, correspondence and personal solicitation; that no tax warrant or other process to collect the tax has been issued or used; that no money from the sale of the petroleum products by the Sarver Oil Company, or tax money thereon, ever came into the hands of the receiver, and that no cash came into the hands of the receiver from the bank.

Our constitution (art. 11, § 10 [new number]) authorizes the levy of special taxes for road and highway purposes on motor fuels. The pertinent statute (Laws 1929, ch. 287), in force at the time the tax in question accrued, shortly stated, imposed a tax of three cents per gallon on the sale or use of motor fuels, to be computed on motor fuels purchased by a dealer, which he could charge to the person to whom he sold. The dealer was to make a report to the state oil inspector each month of all motor fuels received by him, and pay the tax due thereon less certain allowances not important in this case. Each dealer was required to give a bond to the state, in the sum of $500, conditioned that there will be repaid to the state any sum of money it may lose through the violation of any of the provisions of

the act; and violations of the act by a dealer were made misdemeanors, for which punishments were prescribed. Under this statute the dealer, by noncompliance with the statute, became liable to the state as for a debt (*State, ex rel., v. Snell,* 127 Kan. 859, 275 Pac. 209), also became liable to the penalties prescribed (*State v. Snell,* 131 Kan. 370, 291 Pac. 737).

It was by virtue of the fact that the dealer was liable to the state as for a debt that the court was justified in allowing the claim of the state in this case even as a common claim, for normally taxes are not debts. (*Comm'rs of Stafford Co. v. National Bank,* 48 Kan. 561, 30 Pac. 22; *Comm'rs of Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac. 788.) In this state the whole matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from the statute. (*Sedgwick County Comm'rs v. Conners,* 121 Kan. 105, 245 Pac. 1030; *Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, 8 P. 2d 386; *Crawford County Comm'rs v. Kurent,* 138 Kan. 556, 27 P. 2d 226.) While the taxes sought to be recovered in this action are "special taxes," authorized by our constitution (art. 11, § 10 [new number]), no reason suggests itself why a different rule should apply to them. The legislature did provide a method of collecting these specific taxes. It required the dealer to pay such taxes to a designated state official each month, required that he give a bond conditioned for their payment, and made his failure to pay a punishable offense. The statute did not by its terms give the state any lien on property of the dealer nor any priority of payment over other creditors. Nonpayment by the dealer authorized criminal prosecution by the state, and to recover the tax due it authorized an action by the state on the dealer's bond, and authorized an action by the state against the dealer to recover the amount of the tax due, with all the ancillary and final remedies—such as attachment, garnishment, execution—available to any creditor in an action for debt. The natural inference is the legislature deemed these remedies adequate. Whether they would have been adequate in this case never can be told, for they never were tried.

Appellant, in effect conceding all hereinbefore said and passing it by, contends the state is a sovereign; at common law the sovereign had priority over other creditors in the payment of taxes, whether they were general or special; the common law, as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people, remains in force in aid of the general stat-

utes of this state (R. S. 77-109); and the common law on the point here involved never has been modified in any manner mentioned in the statute last cited; hence, that it is in full force and effect. Authorities from other jurisdictions are cited which tend to support these contentions, or some of them, in some degree. We deem it unnecessary to analyze these authorities in detail, or to attempt to write all there might be said on the subject, for it covers a wide range. It is sufficient to say that with us sovereignty is vested in the people. The state is sovereign to the extent the people make it so. In this state all matters pertaining to the levy, assessment and collection of taxes, either general or special, are statutory. Our courts have so held from the beginning. Taxes not authorized by statute, or in excess of those so authorized, uniformly are held to be void. Taxes are liens upon property of the character and to the extent prescribed by statute, and no more. They are personal obligations of the taxpayers only when made so by statute and to the extent so made. Their payment is secured or assured in the manner and to the extent the legislature has by statute provided, and no further. All of these statements are elemental in the law of this state. We may concede the people, by legislative enactment, had authority with respect to the tax in question to provide that in the event a dealer in petroleum products neglected to pay the special tax on motor fuels, became financially embarrassed and a receiver was appointed for his or its assets, the amount the dealer previously owed the state should be allowed by the receiver as a claim against such dealer, and the assets in the receiver's hands, to be paid prior to the payment of claims of common creditors. But the legislature has made no such provision. No contention is made in this case that it has made such a provision. Until it does so the courts have no authority to require such priority of payment.

It is stipulated in this case that none of the tax money in question, and that none of the proceeds of the sale of motor fuels, for the sale or use of which the tax was levied, ever passed into the hands of the receiver. This is an additional equitable reason the claim of the state should not be allowed priority of payment over those of other creditors. However, we prefer to predicate our decision upon the ground previously stated.

The judgment of the court below is affirmed.