## No. 32,562

The Bachman-Wise Motor Company, *Appellee,* v. Comanche County, *Appellant.*

(54 P. 2d 965)

Opinion filed March 7, 1936.

*Horace H. Rich,* county attorney, for the appellant.

*H. R. Daigh,* of Ashland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is from a judgment denying a preference in behalf of Comanche county for unpaid personal taxes on the assets of a partnership which had made an assignment for the benefit of creditors.

The facts which were developed without dispute were these:

For some years past the Bachman-Wise Motor Company, a partnership, operated a garage and sold motor vehicles and accessories at the town of Protection in Comanche county. In 1930, 1931, and 1932, the partnership failed to pay its personal taxes. Tax warrants were regularly and timely issued by the county treasurer and delivered to the sheriff, but in each instance that officer failed to execute them and returned them without any record of his doings thereon.

On October 14, 1932, the partnership made an assignment for the benefit of its creditors in accordance with the statute. (R. S. 60-1301 *et seq.*)

In August, 1934, another tax warrant was delivered to the sheriff and returned by him without any recital of his doings thereon. The same warrant was reissued in November, 1934, and similarly returned without service. The earlier tax warrants had been "reissued" at various times and similarly returned without reciting the doings of the sheriff thereon.

On March 21 and 23, 1933, the assignee, upon notice, heard claims of creditors. The county treasurer presented a claim in behalf of the county for the aggregate sum of $1,246.45 on account of delinquent personal taxes and accrued penalties against the insolvent partnership. This claim was allowed by the assignee on December 1, 1933; but no claim of priority on behalf of the county had been sought and none allowed by the assignee.

On February 13, 1935, the county attorney filed a motion in the district court that the county's claim for unpaid personal taxes, interest and penalties, be declared "a first, prior and superior claim (judicial costs and expenses excepted) on the assets and moneys in the hands of the assignee," and that full payment thereof he made by the assignee before any distribution was made to any other claimant or creditor of the partnership.

This motion was denied and the county brings the matter here for review.

Appellee raises the point that appellant was not entitled to any consideration in the district court, nor here, because the county did not ask a preference on its claim presented for allowance before the assignee, and the assignee's order allowing the claim without preference was final, under the statute. (R. S. 60-1324.) In *National Bank v. Branch*, 57 Kan. 27, 45 Pac. 88, this court held that where no appeal was taken from an assignee's allowance of some claims which he had classified as "unconditional" and others as merely "contingent," the decision of the assignee "in adjusting and allowing such claims was final and conclusive." In the course of the opinion in the same case, Mr. Justice Johnston, speaking for this court, said:

"In the matter of the allowance and classification of claims the district court can only acquire jurisdiction to review and supervise the action of the assignee through a proceeding by way of appeal, but in respect to the condition and distribution of the assets of the estate jurisdiction may be acquired upon the petition of a creditor or other person interested in the estate; and if the petition contains good cause, and is verified by affidavit, the court may cause the assignee to be cited before it to answer the allegations of the petition, and abide any order that may be made by the court in the premises, and upon the hearing the court is authorized to make such order as may be deemed fit and lawful for the enforcement of the statutory provisions concerning assignments." (p. 33.)

It would appear from both decision and opinion in the case just cited that the court assumed that the statute concerning assignments would warrant a classification of claims in respect to the order of their payment, but a critical scrutiny of the statute itself warrants no such inference. If such an interpretation were given the statute, appellee's point in respect to the county's failure to claim a preference before the assignee and its failure to appeal from the assignee's denial of such preference would be good. In *Limbocker v. Higinbotham*, 52 Kan. 696, 701, 35 Pac. 783, this court said:

"The assignment proceeding is in the nature of a proceeding *in rem,* and all who desire to share in the assigned assets must conform to the procedure prescribed by the statute."

Assuming, however, that no procedural steps were wanting to a complete review of the matter in controversy in the district court on its merits, what basis has the county to support its claim to be a preferred creditor in the distribution of the assets of the partnership? Counsel for the county cite R. S. 79-317, which declares that where a person sells all his personal property after it is assessed and before the tax thereon is paid, the tax shall be a lien on the property

and shall be due and payable at once, and the county treasurer shall issue his tax warrant for the collection thereof, and the sheriff shall collect it as in other (personal tax collection) cases.

Such is the statutory mode of collecting delinquent personal property taxes. Certainly it was a better way, simpler, more expeditious, more certain to get results, than the one the county now seeks to pursue. For the delinquent personal taxes of 1930, if the county had pursued the statutory mode of collection it would have had priority—it would have absolute precedence—for the recovery of its due. And similarly it had a statutory preference about which there could be no cavil if it had chosen to pursue it in the succeeding years as the personal taxes of the partnership became delinquent. It seems clear, however, that such more effective method prescribed by the tax laws for the enforcement of the county's precedent right to their recovery was the exclusive one. The ingenuity of counsel in devising other methods for the collection of taxes, while commendable, will not serve to give the county a preference not granted by the statute nor fairly to be implied therein. In the interesting case of *Ness County v. Light & Ice Co.,* 110 Kan. 501, 503, 204 Pac. 536, where the county pursued a novel and ingenious course in an effort to collect delinquent taxes, this court said:

"The entire subject of taxation is statutory; the method prescribed for the recovery of delinquent taxes is statutory, and it does not exist apart from the statute." (Syl. ¶ 2.)

That simple and understandable rule has been repeatedly affirmed in a variety of tax cases. (*Sarver v. Sarver Oil Co.,* 141 Kan. 246, 40 P. 2d 394, and citations.)

We have not failed to notice the cases from other jurisdictions cited by appellant. We doubt not that they were decided in accordance with pertinent local statutes. Counsel suggest that the county ought not to suffer because the sheriff failed to execute the tax warrants which were timely placed in his hands. Quite true. The law books are full of instructive cases concerning various available remedies against derelict public officials, but we have no such case here.

The judgment is affirmed.