No. 33,073

THE STATE OF KANSAS, ex rel. RICHARD L. BECKER, County Attorney of Montgomery County, *Plaintiff*, v. GUY SMITH, County Clerk and ex officio County Assessor of Montgomery County, and the CITY OF NEODESHA, *Defendants.*

(61 P. 2d 897)

Opinion filed November 7, 1936.

*Richard L. Becker,* county attorney, *Raymond Belt,* deputy county attorney, *Thomas E. Wagstaff, Jay W. Scovel,* both of Independence, and *Blatchford Downing,* of Kansas City, Mo., for the plaintiff.

*LeRoy Bradfield,* of Neodesha, *S. C. Bloss,* of Winfield, and *T. R. Evans,* of Chanute, for the defendants.

*William Drennan, Otto Ziegelmeyer* and *Charles W. Lowder,* all of Kansas City, as *amici curiae.*

The opinion of the court was delivered by

DAWSON, J.: The state invokes this court's original jurisdiction in mandamus to compel the defendant county clerk and ex officio county assessor to assess and extend on the tax rolls of Montgomery county certain property situated in that county which belongs to the city of Neodesha.

The city of Neodesha is situated in Wilson county, some two miles north of the Montgomery county line. That city owns its electric power plant. It has extended its electric transmission lines beyond the limits of the municipality. These lines run southward for a distance of about four miles into Montgomery county.

The gist of this action is to determine whether any part of this municipally owned property is subject to taxation. More narrowly stated, the question is whether the defendant, as ex officio assessor of Montgomery county, has either power or duty to assess it.

In their oral argument and in their brief, counsel for the state emphasized the far-reaching importance of the legal question here

presented. The court appreciates its importance. But important legal questions are not necessarily nor always difficult to decide. And in respect to questions of taxation we can but repeat what we have often said, that all matters pertaining to the levy, assessment and collection of taxes in this state are governed by explicit provisions of statute and not otherwise. (*Ness County v. Light & Ice Co.,* 110 Kan. 501, 204 Pac. 536; *Sedgwick County Comm'rs v. Conners,* 121 Kan. 105, 107, 245 Pac. 1030; *Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, 709-710, 8 P. 2d 386; *Crawford County Comm'rs v. Kurent,* 138 Kan. 556, 27 P. 2d 226; *Sarver v. Sarver Oil Co.,* 141 Kan. 246, 40 P. 2d 394; *Bachman-Wise Motor Co. v. Comanche County,* 143 Kan. 346, 349, 54 P. 2d 965.)

The constitutional and statutory provisions which are pertinent to the question of present concern read:

" . . . All property used exclusively for . . . municipal . . . purposes . . . shall be exempted from taxation." (Const., art. 11, sec. 1.)

"That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . .

"*Sixth.* All property belonging exclusively to any . . . city . . ." (R. S. 1933 Supp. 79-201.)

It is true, of course, that a Kansas municipality has a dual corporate capacity—one as a governmental agency, and another as a proprietary institution with which the state at large has no immediate concern. (*Water Co. v. City of Wichita,* 98 Kan. 256, 258-260, 158 Pac. 49; *Spear v. City of Wichita,* 113 Kan. 686, 216 Pac. 305.) Matters of police, health and sanitation, and the like, are instances of the former; the operation of municipally owned electric power plants and similar public utilities are good examples of the latter. (*Rose v. City of Gypsum,* 104 Kan. 412, 417-420, 179 Pac. 348, and citations; *Bruce v. Kansas City,* 128 Kan 13, 276 Pac. 284; *Kretchmar v. City of Atchison,* 133 Kan. 198, 299 Pac. 621.) But see a criticism of the accepted distinctions between governmental and proprietary functions of municipal corporations in 2 J. B. K. 278-281.

The contention of the plaintiff comes down to this: When a city extends its electric power and light plant beyond its corporate limits to compete for business with privately owned utilities engaged in supplying similar services to the public, the city should pay taxes as its competitors have to do. Counsel for the state can have no debate with this court on this proposition. Our concern is

not with what *ought* to be the law, but with what *is* the existing law on this subject.

The constitutional and statutory exemptions from taxation of all municipally owned property are clear and unequivocal. To write into these exemptions an exception as to all municipal property owned and used by a city in its proprietary capacity so as to subject that property to taxation would be a complete departure from the judicial function of interpreting and applying existing law to pending litigation, and a usurpation of the functions of the legislature which has exclusive power over the subject of taxation. If the vast growth of municipal ownership of public utilities which has transpired in the last 33 years since this court held that the waterworks plant of the city of Wellington was exempt from taxation (*Sumner County v. Wellington*, 66 Kan. 590, 72 Pac. 216) calls for a different rule today, as indeed it may, the legislature will have to prescribe it. See *Board of Public Utilities v. Kansas City P. & L. Co.*, 139 Kan. 842, 847, 33 P. 2d 320.

We have not failed to note the cases from other jurisdictions cited by counsel and which deal with the taxation of city-owned public utilities. These cases are not very helpful. In *Sedgwick County Comm'rs v. Conners,* supra, this court said:

"But the whole matter of taxation, including the powers of the taxing authorities to deal with property on which taxes are not paid, and to conserve the public's revenues affected thereby, is governed by our own statutes; and general statements of abstract law gleaned from decisions of other jurisdictions are of little significance." (p. 107.)

In view of the foregoing we need not consider the incidental question that if the transmission lines of the Neodesha light and power plant extending into Montgomery county were subject to taxation it would be the function of the state tax commission and not the duty of the county clerk of Montgomery county to assess it.

The writ is denied.