C. L. DAVIDSON *et al.* v. J. P. CATTLE COMPANY.
No. 14,912. (92 Pac. 705.)

C. L. DAVIDSON *et al.* v. JOHN PLUMMER.
No. 14,911.

C. L. DAVIDSON *et al* v. DR. REA CATTLE COMPANY.
No. 14,913.

SYLLABUS BY THE COURT.

JUDICIAL SALES—*Foreclosure of a Tax Lien—Redemption.* The holder of an invalid tax deed in possession of the real estate brought a suit to quiet his title. The tax deed was held void as a muniment of title, but the lien of the taxes was preserved and the land was ordered sold and was sold to satisfy it. *Held,* the redemption act (Laws 1893, ch. 109; Gen. Stat. 1901, §§ 4927 *et seq.*) has no application to such a sale, and neither the defendant owner nor the holder of a mortgage lien has any right to redeem therefrom.

Error from Stanton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed November 9, 1907. Affirmed.

*J. A. Brubacher,* for plaintiffs in error.

*George Getty,* and *George J. Downer,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The J. P. Cattle Company commenced a suit against C. L. Davidson and many other defendants to quiet its title to a large number of tracts of land. The petition alleged that the plaintiff was the owner in fee simple and in the actual and peaceable possession of all the land brought into controversy.

Davidson answered, admitting the plaintiff's possession, but denied its title, claimed mortgage liens upon some tracts, which he asked to have foreclosed, and claimed to be the owner of other parcels, the possession of which he demanded.

At the trial the plaintiff's title was found to be based upon tax deeds which were declared to be void as muniments of title, but the lien for taxes was preserved. Davidson was adjudged to be the owner of the tracts to which he claimed title and was declared to be entitled to possession of them upon payment of taxes. His mortgages upon other tracts were foreclosed and sales ordered after six months. The court further decreed that if the plaintiff's tax liens were not discharged within sixty days from the rendition of the judgment the tracts of land to which they attached should be sold according to law for their satisfaction, and in due time sheriff's sales were made in execution of this provision of the judgment. Upon confirmation the court ordered sheriff's deeds to be made. Davidson prosecutes error, claiming the redemption act of 1893 (Laws 1893, ch. 109; Gen. Stat. 1901, §§ 4927 *et seq.*) applied, and that certificates of

purchase allowing redemption should have issued instead of deeds.

The question is one of statutory interpretation. Section 25 of the redemption act reads as follows:

"The provisions of this act shall apply to all sales under foreclosure of mortgage, trust deed, mechanics' lien, or other lien, whether special or general, and the terms of redemption shall be the same." (Gen. Stat. 1901, § 4951.)

The words "other lien," "special or general," are sufficiently inclusive to sustain the claim of Davidson, but the purpose of the law cannot be determined from them alone. Other provisions of the statute and the causes which led to its enactment must be considered. Although the decision in *Beverly v. Barnitz*, 55 Kan. 466, 42 Pac. 725, 31 L. R. A. 74, 49 Am. St. Rep. 257, was subsequently reversed, Mr. Chief Justice Martin, in delivering the opinion of the majority of the court, correctly stated the real occasion for the enactment of the law and the primary object to be attained through its instrumentality:

"From causes upon which all do not agree, and that we need not discuss, the burden of a private debt has been enormously increased of late years. Farms valued five years ago both by borrower and lender at $3000 or $4000, and mortgaged for $1000 are now knocked down under the sheriff's hammer for less than the mortgage debt, the accumulations of a lifetime being often swept away by the shrinkage, and this through no fault of the mortgagor. Now, may not a state legislature take cognizance of such a condition of affairs and prescribe a rule, for application in its courts, regulating the equity of redemption, and even extending it beyond the time formerly allowed? In other words, why may it not, in a time of general depression, reasonably extend the indefinite estate impliedly reserved by the mortgagor, as the federal courts of equity do in particular cases, beyond the six months allowed by the general practice? This reserved estate belongs to the mortgagor, and because of its indefinite duration the legislature ought to have power to regulate it, within reasonable bounds, so as to pro-

tect the interests and equities of both debtor and cred-itor." (Page 484.)

True, a mortgagor might not, at the time of sale, be the owner of the premises he had encumbered, and other than mortgage liens upon land were considered, but mitigation of what was then spoken of as "the mortgage evil" was paramount in the legislative mind, and the oppression of debt was in all cases the mischief to be remedied. A consideration of all the various provisions of the law discloses that this purpose was consistently carried out, and that in its entirety it is essentially a debtor-and-creditor act, and that the liens, general or special, to which it makes reference are those arising from obligations created in or connected with dealings between private parties.

It is well established, both upon reason and author-ity, that taxes are not "debts" in the usual sense of the term. The law relating to assessment and taxation makes elaborate provision for the collection of taxes and the protection and enforcement of tax liens. The redemption act does not purport to modify or repeal any portion of this law, and is not inconsistent with any of its provisions.

The difficulty, if not the absurdity, of attempting to apply the redemption act in this case is quite apparent. The cherished object of the redemption act, as ex-pressed in section 2 (Gen. Stat. 1901, § 4928), is that the defendant owner shall enjoy the possession of real estate charged with a lien during the period of re-demption. To give Davidson the benefit of this pro-vision it would be necessary to oust the plaintiff, and this would nullify section 142 of the tax law (Gen. Stat. 1901, § 7681), which secures to the holder of an invalid tax deed possession of the premises until he is reimbursed for the taxes represented by his deed. Cer-tainly the legislature contemplated no such action.

The remedy by way of the foreclosure of tax liens is supplementary to the act relating to assessment and

30—76 KAN.

taxation, but is not of statutory creation. It is a device of courts of equity to accomplish justice in particular instances. Whether or not it shall be used, and, if used, to what extent, is a matter for the sound discretion of the court in each case. The subject is so far outside the general law relating to the enforcement of liens that doubtless it would be within the power of the court to order a strict foreclosure of the right of redemption from the lien of a tax-deed holder in possession.

By the remedy noted the courts afford to individuals substantially the same relief respecting tax liens that chapter 392 of the Laws of 1901 (Gen. Stat. 1901, §§ 7718 et seq.) gives to the board of county commissioners when real estate has been bid in by the county at a tax sale and has remained unredeemed and the certificate of sale has remained untransferred for a period of three and one-half years. The judgment in each case is simply for the foreclosure of a tax lien. When the county board is plaintiff the landowner's rights are cut off absolutely by the sheriff's deed. No good reason can be suggested for allowing a landowner an additional eighteen months in which to redeem when the foreclosure is made at the suit of an individual to whom the lien has passed. The statute cited is an indication of the policy of the legislature upon the subject under consideration, and affords additional ground for believing the legislature did not intend, by the redemption act, to enlarge the rights of a defendant owner to any extent as against a tax-deed holder in possession. The owner of land having no right of redemption, a simple mortgagee can have none.

The case of *Shrigley v. Black*, 66 Kan. 213, 71 Pac. 301, it cited by Davidson. It has no application. In that case a sale with redemption had been made, and all parties to the litigation treated it as lawful. Then redemption was made by parties under obligation to pay the taxes for which the land had been sold, and the only question open for decision was the effect of the

redemption upon a mortgage lien. However, the court took occasion to express a doubt whether the redemption law was intended to make inroads upon the tax law without in any way referring to it.

The foregoing considerations dispose of the claims of other plaintiffs in error, and also dispose of cases No. 14,911 and No. 14,913, *C. L. Davidson et al. v. John Plummer* and *C. L. Davidson et al. v. Dr. Rea Cattle Company*, and the judgments in the three cases are affirmed.