No. 31,052

E. M. Rogers, *Appellant,* v. Herbert W. Johnson et al., *Defendants,* Frank Kucera, Interpleader, *Appellant,* and S. E. Notestine, *Appellee.*

(23 P. 2d 586.)

Opinion filed July 8, 1933.

J. *Graham Campbell* and *W. M. Glenn,* both of Wichita, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to foreclose a mortgage. The holder of a tax deed was made a party defendant. The tax deed was set aside, but the holder was given a lien for the taxes paid and for permanent improvements. The land was sold to satisfy this lien. Within eighteen months thereafter the owner of the fee attempted to redeem. The court held the owner was not entitled to redeem, and he appeals.

The facts are brief. The action was started to foreclose a mortgage given by H. W. Johnson and wife to E. M. Rogers. S. E. Notestine was made a defendant. He answered, setting up his tax deed, alleging that he was in actual possession of the land, and that he had made valuable and lasting improvements on the land of about $350 in value. The court set aside the tax deed, and upon his oral request gave Notestine a first lien for $191.41 for the taxes paid and $160 for the improvements. The land was directed to be sold if the lien of Notestine was not paid within ninety days. The land was sold by the sheriff on September 23, 1929, to Mr. Notestine for $413.79.

On February 23, 1931, and within eighteen months of the sheriff's sale, one Frank Kucera, who had acquired the interest of the Johnsons, paid to the clerk of the court $451.04. This was the amount due under the sheriff's sale. The docket of the clerk shows a redemption. The next day Frank Kucera filed a motion in which he alleged facts about as given here and, in addition, alleged that during the time since the sheriff's deed Notestine had been in possession of the property and had collected rent thereon, and that he had been unable to get rent from Notestine for the land. He asked judgment against Notestine for $300 for the rent of the land from July 10, 1928, the date of the judgment, to the date of the filing of the motion. On April 27, 1931, Notestine filed a motion setting out the judgment and the sheriff's sale and asking that the court order the sheriff to convey the land by sheriff's deed.

When the entire matter came on for hearing Notestine made an oral motion for confirmation of the sale and also moved to strike the motion of Frank Kucera from the files. On the hearing of these motions the record of the ownership of the land was introduced. Also letters of Mr. Notestine, one to Mr. Glenn, counsel for Frank Kucera, and another to the clerk of the court, were admitted. These letters show that Mr. Notestine gave Mr. Kucera credit for the amount he had received as rent from the property.

That is all the evidence that was introduced. The court rendered judgment confirming the sheriff's sale, directing the sheriff to convey the land to Notestine and denying the interplea of Kucera. The appeal is from that judgment.

The question is, Does the general redemption law, R. S. 60-3439, apply to sales to foreclose a tax lien? The question was decided by this court in *Davidson v. Cattle Co.*, 76 Kan. 462, 92 Pac. 705. There the court held:

"The holder of an invalid tax deed in possession of the real estate brought a suit to quiet his title. The tax deed was held void as a muniment of title, but the lien of the taxes was preserved and the land was ordered sold and was sold to satisfy it. Held, the redemption act (Laws 1893, ch. 109; Gen. Stat. 1901, secs. 4927 *et seq.*) has no application to such a sale, and neither the defendant owner nor the holder of a mortgage lien has any right to redeem therefrom."

The opinion in that case contains a very complete discussion of the reasons for the enactment of the redemption law. It would serve no good purpose to recite them here. The reader might well think he was reading of the current depression. An examination of that opinion will convince one that this is not the first time in the history of the state that the landowners of the state have been hard up. It is very convincing, moreover, that the redemption statute was enacted for the benefit of the mortgagor who was about to lose his farm and not for the benefit of the landowner who had neglected to pay his taxes. In the course of the opinion it was said:

"It is well established, both upon reason and authority, that taxes are not 'debts' in the usual sense of the term. The law relating to assessment and taxation makes elaborate provision for the collection of taxes and the protection and enforcement of tax liens. The redemption act does not purport to modify or repeal any portion of this law, and is not inconsistent with any of its provisions." (p. 465.)

After careful consideration we see no reason to change the rule announced in that case.

Appellant points out that a portion of the amount for which this land was sold was a lien for permanent improvements put on the land by appellee. He argues that on this account the decision in *Davidson v. Cattle Co.* does not apply, and that he should have been permitted to redeem. This lien arose under the provisions of R. S. 60-1901. This is the statute known as the "occupying claimant statute." By its terms it refers to a situation such as we have here. It should be construed in connection with the statute that provides for tax liens. When so construed the same reasoning applies to this contention that applied to the contention dealt with in *Cattle Company v. Davidson*, supra. The appellant urges that the letters of Mr. Notestine to counsel for appellant and to the clerk amount to an agreement to permit a redemption. We do not think so. At the most they indicate that Mr. Notestine, at the time he wrote the letters, was ignorant of his rights.

The judgment of the trial court is affirmed.