No. 41,538

THE BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, KANSAS (Plaintiff), *Appellee*, v. WILLIAM W. ABBOTT, *et al.* (Defendants), CHARLES O. ANDERSON *et ux.* (Respondents), *Appellants*, and the CITY OF LYNDON (Defendant), *Appellee.*

(347 P. 2d 410)

Opinion filed December 12, 1959.

*Harry T. Coffman,* of Lyndon, argued the cause, and *W. W. Baldock,* of Lyndon, was with him on the briefs for the appellants.

*Clyde M. Burns,* of Lyndon, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

FATZER, J.: The proceeding out of which this appeal rises was commenced by the Board of County Commissioners of Osage County, Kansas, on July 15, 1953, as a tax foreclosure action pursuant to G. S. 1949, 79-2801 *et seq.* The principal question presented

is the force and effect of the trial court's order of January 12, 1959, in that same proceedings, whereby it was decreed that the Journal Entry of Judgment rendered on December 29, 1953, be corrected to speak the truth by expunging therefrom all reference to cause of action No. 9, adjudging a tax lien against Lot 7 and the South Half of Lot 8, in Block 41 in the City of Lyndon, and for foreclosure of said taxes, and for the sale of that property at sheriff's sale to satisfy such tax lien; and further, vacating and setting aside the judgment and decree of confirmation entered on February 26, 1954, confirming the sheriff's sale of that property to the respondents (appellants), Charles O. Anderson and Thelma C. Anderson, his wife, on February 15, 1954.

The petition filed by the Board of County Commissioners contained 135 separate causes of action for foreclosure of delinquent tax liens, each describing a separate tract or parcel of real estate in Osage County, Kansas. Included as cause of action No. 9 was the property in question and described as:

Lot 7 and the South ½ of Lot 8 in Block 41, in the City of Lyndon.

The petition alleged for cause of action No. 9, that the real estate described was duly assessed for taxation, and taxes were legally levied thereon for the years 1948 to 1952, inclusive; that the taxes were unpaid and were delinquent; that the property was duly sold and bid in by Osage County at the delinquent tax sale on September 6, 1949; that the same remained unredeemed and the certificate of sale untransferred for the period of more than four years after such sale; that the amount of taxes, costs, penalties and interest thereon to July 15, 1953, chargeable to such real estate for the years 1948 to 1952, inclusive, was $33.27, and an abstract fee of $10; that the owner of the property was the Atchison, Topeka and Santa Fe Railway Company, and that one Danhauer, and the City Council of Lyndon, Kansas, claim some interest therein, the exact nature and extent of which being unknown to the plaintiff. The prayer was that the court determine the owner or parties having an interest in the real estate described; the amount of taxes, interest, penalties and costs chargeable to each tract of real estate, and decree said sum and all taxes and interest subsequently accruing to be a first and prior lien thereon; that the real estate be sold by order of the court at public sale to satisfy such lien and costs; that the sale be confirmed and that following confirmation, all defendants be foreclosed and barred from all claim and title to each tract of real estate.

On September 10, 1953, the defendant Atchison, Topeka and Santa Fe Railway Company filed its answer and disclaimed any interest in the real estate described in cause of action No. 9 and prayed judgment for its costs.

On September 19, 1953, the defendant City of Lyndon filed its answer and cross-petition consisting of a general denial and made affirmative allegations that it had acquired rights to the property as a street by reason of adverse claims, that it was exempt from taxation as provided in the constitution and laws of the State of Kansas, and prayed that plaintiff take nothing against it by reason of its petition; that the real estate be adjudged a street and public way of travel, and that plaintiff and all other parties named in cause of action No. 9 be barred and enjoined from asserting any title or claim to the property adverse to the title of the City of Lyndon.

The Journal Entry of Judgment recites that on December 29, 1953, the action was heard and the court found, among other things, that the relief prayed for in the answer and cross-petition of the City of Lyndon was valid and that the property described in cause of action No. 9 should be adjudged and decreed to be a public street and that the plaintiff and all other parties named in the cause of action should be barred from asserting any interest against the real estate adverse to the right and title of the City of Lyndon.

In the following paragraph of the journal entry the court found from evidence offered by the plaintiff in support of its causes of action alleged in the petition that the allegations contained in said causes of action were true except as thereinafter stated; that the tracts of real estate described in the causes of action were duly assessed for taxation, and taxes were legally levied on said real estate for the years preceding the dates of sales described in the various causes of action; that all of said taxes, interests, penalties, fees and other charges alleged in the petition and the 1953 taxes and interest thereon constituted a valid first and prior lien in favor of Osage County, Kansas, and against the respective tracts of real estate therein described; that the equitable portion of the costs of the action chargeable against the real estate described in each cause of action was $24.44 which was made a first and prior lien in favor of the plaintiff and against the property, and that the respective tracts of real estate are owned by the person or persons named and that none of the other defendants had any right, title or interest to the real estate, to-wit:

"CAUSE OF ACTION No. 9

Lot 7 and the South ½ of Lot 8 in Block 41, in the City of Lyndon,
OWNER: The Atchison, Topeka, and Santa Fe Railway Company
Tax Lien: $37.94                                        Costs: $24.44"

The journal entry thereafter recites that the property described in the cause of action No. 9 is a public street and that the plaintiff and all other parties were barred from asserting any interest therein adverse to the right and title of the City of Lyndon. Following immediately thereafter, the journal entry recites:

". . . That the plaintiff has a valid and prior tax lien against the real property described in each of said causes of action, in the amount stated after said descriptions, together with all taxes and interest subsequently accruing thereon according to law, and

"IT IS ORDERED AND ADJUDGED that said lien be, and the same is hereby foreclosed. . . ."

In accordance with that finding it was ordered that if the lien and costs be not paid within five days, the clerk of the court issue an order of sale to the sheriff directing the sale of the real estate described in each of the causes of action at public auction, and that from and after the sale and confirmation the defendants, and each of them, be foreclosed and barred from any and all estate, claim or title thereto, and the sheriff issue deeds to the respective purchasers and place the holders thereof in possession of the real estate.

On January 6, 1954, an order of sale was issued to the sheriff of Osage County and on February 15, 1954, the real property described in cause of action No. 9 was sold by the sheriff at public auction. On February 20, 1954, the sheriff filed with the clerk of the court his return of the order of sale which recited that according to its commands, he advertised and sold the several properties including:

"CAUSE OF ACTION No. 9

Lot 7 and the South ½ of Lot 8 in Block 41, in the City of Lyndon,
OWNER: The Atchison, Topeka, and Santa Fe Railway Company
Tax Lien: $37.94                                        Costs: $24.44
Purchaser: Charles O. Anderson and Thelma C. Anderson Amount: $25.00"

Thereafter, and on February 26, 1954, the court confirmed the sheriff's sale, including the sale of the property described in cause of action No. 9. On that same day, the sheriff of Osage County executed and delivered to the Andersons a sheriff's deed conveying the real estate described in cause of action No. 9 and on March 11, 1954, the deed was filed in the office of the register of deeds. Since that time the Andersons have been in possession of the property and have paid taxes levied thereon.

On August 10, 1956, approximately 30 months after the court confirmed the sale of the property in question, the City of Lyndon filed a pleading which it entitled "Motion to Set Aside Judgment," and prayed for an order vacating and setting aside the judgment and the decree of confirmation entered on February 26, 1954, insofar as it affected the real estate described in cause of action No. 9. Notice of the motion was given the Andersons and they filed an answer to the city's motion alleging, among other things, that the relief sought by the city was barred by the provisions of G. S. 1949, 79-2804b.

On June 17, 1958, the Andersons filed a motion for judgment on the pleadings in which they again alleged that the city's motion to set aside judgment was barred by G. S. 1949, 79-2804b.

On June 18, 1958, the matter was heard by the court on the respondents' answer and motion for judgment on the pleadings. At that hearing the city orally moved the court to correct the judgment of December 29, 1953, to speak the truth.

On January 12, 1959, the court filed a written memorandum opinion in which it ordered the judgment rendered on December 29, 1953, be corrected to speak the truth by expunging therefrom all reference to cause of action No. 9 adjudging a tax lien against Lot 7 and the South Half of Lot 8 in Block 41, in the City of Lyndon, and for foreclosure of said taxes, and for the sale of said property at sheriff's sale. It was further adjudged that the motion of the city to set aside the decree confirming the sale of the real estate described in cause of action No. 9 be sustained, and that portion of the judgment and decree of confirmation entered on February 26, 1954, confirming the sale of that property was vacated and set aside. The Andersons' motion to vacate and set aside findings and judgment and for a new trial was overruled, and they perfected this appeal.

For reasons hereafter stated we are of the opinion the trial court erred in entering its order of January 12, 1959.

Neither party here contends that any of the proceedings had in the tax foreclosure were defective, irregular or void, except as noted, and no dispute exists as to the legality of any of such proceedings. Unless those proceedings and the judgment rendered thereunder may be collaterally attacked by the city, or corrected by the trial court to make judgment speak the truth, the city cannot prevail, and the court erred in entering its order of January 1, 1959. One

question is presented: Did the court have jurisdiction to enter its order of January 12, 1959?

It is beyond dispute that the two essentials to rendering a valid judgment on December 29, 1953, were present on that date; that is, the trial court had jurisdiction of the subject matter and of the persons whose rights were sought to be adjudicated (*McFadden v. McFadden,* 174 Kan. 533, 538, 257 P. 2d 146; *Moore v. Graham,* 151 Kan. 193, 197, 198, 98 P. 2d 111; *Phillips Petroleum Co. v. Moore,* 179 Kan. 482, 494, 297 P. 2d 183).

Despite the inconsistent findings recited and the judgment of the court, which in reality amounted to two judgments, and the city's contention that it is entitled to have the sale vacated upon the theory that the property belonged to it and was not subject to taxation, the fact remains the court found taxes were legally assessed for the years alleged in the petition, and, upon due consideration, rendered judgment for the plaintiff foreclosing its tax lien upon the property in question. Thereafter, the property was sold, the sale confirmed and a deed was issued to the purchaser. Under such circumstances, the city, or any other person or party asserting ownership to, or an interest in, real property sold at a tax foreclosure sale pursuant to G. S. 1949, 79-2801 *et seq.* has two courses for relief: The first is to appeal to the supreme court from the judgment of foreclosure, or the decree confirming a sale of the property. In the instant case, no appeal was taken by any party whose rights were adjudicated and cut off by the tax foreclosure judgment, or by the decree of confirmation on February 26, 1954, and that judgment and decree have long since become final. Hence, the first course of relief is not available to the city.

The second course available is G. S. 1949, 79-2804b. Under that statute an owner or any person claiming an interest in property sold at a tax foreclosure sale may commence an action or proceeding to open, vacate, modify or set aside any judgment rendered for taxes, or any order of sale thereunder, or any sale made pursuant thereto, but such action or proceeding must be commenced within twelve months after the date of the confirmation of the sale. Here again, the city's motion to vacate and set aside the judgment and decree confirming the sale of the real estate on February 26, 1954, and its oral motion to correct the judgment of December 29, 1953, to speak the truth, were filed and made long after the time permitted by G. S. 1949, 79-2804b.

In *Phillips Petroleum Co. v. Moore,* supra, this court considered the application of our tax foreclosure statute (G. S. 1949, 79-2801 *et seq.*) and reviewed our previous decisions dealing with it. In reaching a decision in that case, the court overruled the second Magnolia case (*Magnolia Petroleum Co. v. Moyle,* 162 Kan. 133, 175 P. 2d 133); the third Magnolia case (*Magnolia Petroleum Co. v. Moyle,* 163 Kan. 368, 182 P. 2d 127; the first Shell case (*Shell Oil Co. v. Board of County Comm'rs,* 165 Kan. 642, 197 P. 2d 925) and the Allen case (*Board of County Comm'rs v. Allen,* 175 Kan. 460, 264 P. 2d 916), insofar as they are in conflict with the views expressed in the opinion in the *Phillips* case, *supra;* and reaffirmed its previous decisions in the second Shell case (*Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 231 P. 2d 220), and in the third Shell case (*Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 595, 237 P. 2d 257). In the opinion in the second *Shell* case, *supra,* it was said:

"Under G. S. 1941 Supp. 79-2804b, every action, either legal or equitable, to open, vacate, modify or set aside any judgment rendered for taxes, or any order of sale made thereunder, including those actions brought on the grounds and in the manner prescribed by the code of civil procedure, must be commenced within six months after the date of confirmation of sale, and the provisions of this section apply to all judgments, orders of sale and sales, whether the purchaser be the county or an individual. We think the clear intention of the statute is to supersede any and all other provisions of the code insofar as they may relate to actions to vacate, modify or set aside judgments, orders of sale and sales in tax foreclosure proceedings. The statute fixes a definite time within which such an action may be brought. The legislature had authority to make such a limitation and there was a good purpose in its doing so, namely, that purchasers at tax foreclosure sales would know a limitation of time within which the proceedings might be attacked. To hold otherwise would merely introduce confusion and unsettle every title growing out of a tax foreclosure action. Every title examiner would pause when confronted with a title derived from tax foreclosure proceedings, notwithstanding the statute (G. S. 1941 Supp. 79-2804) states the deed shall convey a fee simple title. Purchasers at tax foreclosure sales could never be certain whether they were purchasing fee simple titles or prospective lawsuits. We think the legislature clearly intended to remove, after the passage of the time prescribed by the statute, the uncertainty which has been conceded by everyone to exist with reference to tax titles.

"In passing, we note that the statute under consideration as it now appears (G. S. 1949, 79-2804b) has been amended in that it now provides that such actions to vacate, modify or set aside, must be commenced within twelve months after the date of confirmation of sale, and that other language in the section, as amended, is even a stronger indication of the legislative intent to place a stamp of finality on tax foreclosure proceedings after the expiration of the time prescribed." (1. c. 167, 168.)

See, also, the third *Shell* case, *supra,* p. 596.

In *Phillips Petroleum Co. v. Moore,* supra, it was said:

"We are in accord with the view that property should not be sold for taxes if taxes have been paid. The statute makes provision for the protection of the owner of real estate in such a case, in addition to conferring the right to appeal. The statute (79-2804b) fixes a definite time, six months (now twelve months) within which any proceeding may be brought to set aside a judgment. The legislature had authority to make such a limitation; its purpose was two-fold: First, to permit the owner of real estate to make application in the tax foreclosure action or by the institution of an independent legal or equitable action, to open, vacate, modify or set aside the judgment or sale to show, if he could, among other things, that the real estate was not subject to taxation or that the taxes had been paid; and second, that purchasers at tax foreclosure sales should know the limitation of time within which the judgment of the court upon which the sale was predicated, might be attacked." (1. c. 494.)

In view of the foregoing, the city's motion to vacate and set aside, and its oral motion to correct the judgment to speak the truth, was not filed or made within twelve months after February 26, 1954, the date of confirmation of sale of the property in question; hence, the trial court had no jurisdiction of such motions or proceedings, and its order of January 12, 1959, was void and of no effect (G. S. 1949, 79-2804b).

It follows therefore that this appeal is reversed with directions to the trial court to set aside its order of January 12, 1959, and enter judgment in favor of the respondents.

It is so ordered.