No. 43,380

THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, *Appellant,* v. LESTER MATLOCK, *Appellee.*

(387 P. 2d 211)

Opinion filed December 7, 1963.

*George McCarthy,* of Wichita, argued the cause, and *Ralph E. Gilchrist* and *H. Jay Setter,* of Wichita, were with him on the briefs for appellant.

*W. Jay Esco,* of Wichita, argued the cause, and *Lloyd F. Cooper, Dale H. Cooper and Richard A. Loyd,* of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order of the district court sustaining defendant's demurrer to plaintiff's petition. The point involved is whether a board of county commissioners may sue a purchaser of real estate who agreed in writing with the vendor to pay the taxes as they became due, and recover a personal judgment against him for the amount of the delinquent taxes.

We answer the question in the negative. The method of collec-

tion of taxes is not prescribed in our constitution but is left to the legislative discretion and control and no method exists apart from the statute. Generally speaking, taxes are not debts in the ordinary sense of that term, and since the statute makes special provision for their collection, an action at law prescribed by the code of civil procedure will not lie for their recovery. Our decisions have so held from the beginning. In *Phillips Petroleum Co. v. Moore,* 179 Kan. 482, 297 P. 2d 183, it was held:

"G. S. 1941 Supp., 79-2801, *et seq.,* since amended, is a complete and independent code for the collection of taxes levied and assessed upon real estate, having a separate and distinct judicial proceeding in which its own procedures and limitations are prescribed, and a tax foreclosure action instituted thereunder is a proceeding *in rem.*" (Syl. ¶ 3.)

In *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P. 2d 509, we said:

". . . the methods prescribed for the recovery of delinquent taxes are wholly statutory, no methods exist apart from the statute, and whatever procedures, whatever remedies are available are to be found in the tax statutes. (*Ness County v. Light & Ice Co.,* 110 Kan. 501, 204 Pac. 536; *Sarver v. Sarver Oil Co.,* 141 Kan. 246, 248, 40 P. 2d 394; *Cunningham v. Blythe,* 155 Kan. 689, 695, 127 P. 2d 489; *Mitchell County Comm'rs v. Allen,* 156 Kan. 701, 706, 137 P. 2d 143.)

. . . . . . . . . . . .

". . . there are various important distinctions between judicial sales under the civil code and delinquent tax sales. For instance, sales under the civil code involve a debtor and creditor relationship of some sort—mortgage foreclosure, execution sales, etc. Taxes, on the other hand, are not classed as debts in the usual sense of the term, and actions prescribed by the civil code do not lie for their recovery. (*Comm'rs of Stafford Co. v. First Natl. Bank,* 48 Kan. 561, 30 Pac. 22; *Davidson v. Cattle Co.,* 76 Kan. 462, 92 Pac. 705; *Rogers v. Johnson,* 138 Kan. 39, 41, 23 P. 2d 586; *Sarver v. Sarver Oil Co.,* supra, p. 248.) Again, in a tax foreclosure sale the county cannot take a deficiency judgment. The proceeding is against the property, it is an action in rem. (*Ness County v. Light & Ice Co.,* supra; *Atchison County v. Challis,* 65 Kan. 179, 181, 69 Pac. 173; *Montgomery County v. Wilmot,* 114 Kan. 819, 824, 221 Pac. 276.)

". . . These and the other provisions can hardly be said to be harsh. In any event they provide the remedies which the legislature has established. Such remedies being specific and complete, there is no occasion or authority for resorting to a court of equity. (61 C. J. 1043; *Corbin v. Young,* 24 Kan. 198, 201; *Trust Co. v. Essex,* 74 Kan. 240, 242, 86 Pac. 467; *Crawford County Comm'rs v. Kurent,* 138 Kan. 556, 27 P. 2d 226.) . . ." (1. c. 492, 493.)

See, also, *Jesberg v. Klinger,* 184 Kan. 519, 337 P. 2d 660; *Board of County Commissioners v. Abbott,* 185 Kan. 687, 347 P. 2d 410;

*Shriver v. Board of County Commissioners,* 189 Kan. 548, 370 P. 2d 124, and *Robertson v. Lemmon,* 189 Kan. 619, 371 P. 2d 175.

Since the legislature has prescribed the only remedy and procedure which can be followed in collecting delinquent taxes it is evident that plaintiff's petition to recover a personal judgment for delinquent taxes is not authorized, and the district court did not err in sustaining the demurrer. The judgment is affirmed.